Edward Robinsoít, Je., J.
This is a proceeding under article 78 of the Civil Practice Act wherein the petitioner seeks a review of a determination by the respondents denying a permit to erect an electric substation within the Village of Cedarhurst. The property in question is located on Central Avenue and lies in a business zone as set forth in the ordinances of the village. Subdivision (g) of section 120 of the ordinances provides that the Board of Appeals may permit any public utility in a restricted zone.
Three hearings were held in the matter by the respondents at which extensive testimony was taken. On December 15, 1960 the respondents denied the application on three grounds: (1) that the site for such substation is located in close proximity to three schools whose students must pass the location in their daily attendance and that the existence of the proposed use would be a source of attraction to the children and thereby place them in great danger of injury; (2) that the proposed use would depreciate the value of the houses situate in the adjoining residential zone; (3) that the hum emanating from the electrical apparatus to be installed on the site would cause a discomforture and financial loss to persons residing nearby.
The respondents further claim that the proposed use would not be the most appropriate use of the property involved and would be in violation of the broad comprehensive purposes, intent and spirit of the village zoning plan.
Petitioner claims that there was no competent proof of the facts necessary to be proved in order to justify the determination of the respondents; that the proof in favor of the application Avas so preponderant that such a decision, if made by a jury, Avould be set aside as against the weight of evidence; that the respondent’s findings as to the danger to the children, as to depreciation of surrounding properties, as to the hum or noise causing discomforture as well as financial loss to surrounding residents are unsupported in fact and unsupported in the record.
There appears to be no question by all concerned that there is a need for additional electrical facilities in the area to adequately supply the necessary power to consumers. In fact, the board made a finding to this effect.
*945 The ordinances provide in section 121 that the respondents, in considering an application of this kind,, use as standards the following considerations: (a) the character of the district; (b) its peculiar suitability for particular use; (c) the conservation of property values; (d) encouraging the most appropriate use of land in the village; (e) the direction of building development; (f) that the practical difficulty or unnecessary hardship is created by the zoning ordinance and not by the act of applicant; (g) that such difficulty is not common to others in the neighborhood or district and such variance shall be within the spirit of this ordinance and in harmony therewith.
Inasmuch as section 120 of the ordinances of the Village of Cedarhurst permits the use of property in the village by a public utility upon obtaining the permission of the Board of Appeals, the application made by the petitioner herein to the respondent board is in the nature of an application for a special exception use. (Matter of Syosset Holding Corp. v. Schlimm, 15 Misc 2d 10.) This being the case, the application of the petitioner must satisfy the standards provided in section 121 of the Village Ordinances. The first .standard is the character of the district. In reviewing the evidence of the special hearings, it appears that the property in question is located in a business district between two gasoline stations. Immediately across the street are stores and another gasoline station. In the near vicinity are located such uses as a post office, a beer distributor, fuel oil distributor, a dry-cleaning establishment and a laundry. Section 50 of the ordinances sets forth other permitted uses which include carpenter shop, metal-working establishment, electrical and radio shop, automobile salesrooms. Certainly the proposed use by the petitioner would have no greater effect on the character of the district than the present existing uses and those uses contemplated by the ordinance itself in the area.
The ordinances set forth the next standard as the peculiar suitability of the district for the particular use. Again, in the light of the fact that the use district wherein the property is located is the lowest restricted zone in the village, it cannot be seriously argued that the district is unsuitable for the use contemplated. Furthermore, the area is peculiarly suited for this use when one considers the existing uses in the immediate area as set forth above. This same consideration applies to the next standard set forth, i.e., the conservation of property values. By permitting the use requested herein, in a location which is zoned the lowest restricted district, the greatest conservation of property values is realized. The next standard, encouraging the most appropriate use of the land throughout the village is satis *946 fled in two considerations. Firstly, if the installation is needed as the board found in its opinion, to give proper and adequate electric supply to the area, this in itself would encourage the appropriate use of land in the village. The use of electric power in all facets of modern living is increasing year by year. Secondly, by placing the installation in the least restricted use district, it goes without saying that the possibility of the placing of the use in a more restricted area is eliminated. In considering the next standard, the evidence presented on the hearing disclosed that the direction of building development as to residential use is away from this business zone and there is no testimony that the existing uses in the immediate surrounding business area are proceeding in a more restricted direction. The last two standards need not be considered in relation to the proposed use, in that their application is solely to a proceeding in the nature of a variance and not to a consideration of a special exception use as in the instant case.
The respondent’s first reason for their denial was that the close proximity of the schools render the use inappropriate at the location under consideration. This, for the reason that the normal proclivity of children of school age would be to gain entrance to the installation by any means available and thereby be subjected to danger of electrocution. In view of the uncontradicted testimony of the petitioner’s witnesses that no instance of injury of the nature suggested by the board had occurred from 1953 to the date of hearing as to any of the 135 installations of this type, such a concern on the part of the board is unjustified. Furthermore, a map of the area indicates the right of way of the Long Island Rail Road is only a block away from the location in question. It is well known that the accessibility of the respective electrical installations are preponderantly in favor of injury occurring of this nature by contact with an open third rail rather than as a result of a difficult scaling of the planned seven-foot steel fence topped by a barbed wire installation which will surround the proposed apparatus, according to the plans on file.
Although there was conflicting evidence as to the depreciation in value of the properties in the surrounding area, the witness for the petitioner who testified that little, if any, depreciation would occur, made the much more convincing witness. His testimony was fortified by numerous instances of permanency of property values in close proximity to existing installations of this kind. His testimony also indicated subsequent construction of substantial dwellings after the erection of a substation of this kind in adjacent areas. The evidence submitted by this witness *947 was substantiated by actual submission of selling prices of the various parcels alluded t'a in his testimony. The testimony of the witness for the objectants on this point was conclusory in nature and not based upon factual data revealed by actual investigation.
However, this court is of the opinion that any depreciation of property values, if any there be, occurred at the time of the enactment of the ordinance permitting such uses on the property concerned or at a time no later than the enactment by the village of provisions for a special exception use upon satisfying the standards as set forth in section 121. Inasmuch as such use was contemplated by the provisions of the ordinance itself from its enactment, what was formerly a possibility now becomes an actuality. The value of the surrounding area as of the present time must be reflected in the light of permitted uses allowed by the ordinance.
In considering the third specific finding of the board in its denial, it is difficult for this court to accept in the light of all the testimony adduced at the hearings, the fact that the hum that would emanate from the proposed installation would be any more undesirable than the noises arising from the activities of the gasoline service stations immediately adjoining the premises under consideration. Again, it must be realized that the uses permitted under the ordinances are conducive to noises that are associated with the allowed activity and are to a greater or lesser extent undesirable and possibly annoying. In this regard a witness for the objectants testified that while he was standing on the sidewalk alongside of one of the newer installations of the type proposed, that he heard no hum or noise of any kind associated with the use of the apparatus. The decision of the respondents further read as follows: “ Cedarhurst has no industrial zone and the granting of this application would be a distinct violation of the broad comprehensive intents and spirit of our zoning and not in keeping with the general business plan of the Village ”. The record does not substantiate such a conclusion. The mere fact that the Board of Trustees saw fit to allow such a use in a restricted district after permission by the Board of Appeals indicates that the use was contemplated in any district in the village, the only conditions being the satisfaction of the standards set forth in section 121. The respondents may not assail the legislative determination of the Board of Trustees in this manner. As a matter of fact, as set forth in the case of Matter of Niagara Mohawk Power Corp. v. City of Fulton (8 A D 2d, 523, 527) cited by the respondents, the validity of the ordinance in this respect would be subject to attack but *948 for the presence of subdivision (g) of section 120 in the ordinance as enacted by the Board of Trustees. It should be noted that this case deals with an application for a variance and not for a special exception use and, therefore, is not authority for respondents ’ actions herein in regard to the availability of other sites.
Although not mentioned in the decision of the respondents, the point is raised in their brief that other sites in the Village of Cedarhurst are more desirable for the use contemplated herein. They do not argue that it is incumbent upon the petitioner to prove that the site in question is more suitable than all other available sites, but claim that once the issue is raised by objectants, the board may consider the possibility of more suitable locations for the proposed use. The court does not believe the respondents have such power. The application is one for a special exception use, not a variance. In such a procedure the board is limited to the standards set forth in the ordinance and once the application conforms to such standards the right to the use permit arises. (Matter of Long Is. Light. Co. v. Griffin, 272 App. Div. 551; Matter of Syosset Holding Corp. v. Schlimm, 15 Misc 2d 10, supra.) The power of the Board of Appeals as to special exception uses must be found in the ordinance. A careful reading of section 121 does not disclose the power to deny an application of this kind for the reason that a more suitable location is available. (Matter of Community Synagogue v. Bates, 1 N Y 2d 445, 457.)
In reviewing all the testimony and exhibits on which the respondents made their determination as to those matters which the respondents may properly and legally consider, it is the opinion of the court that the determination was arbitrary and capricious and that the permit should be issued. The petition will be granted to the extent of remitting the application to the Board of Appeals with a direction for the approval of the same.