ANNA E. HULTNER et al., Respondents, v. CHARLES E. FRIEDGOOD, Appellant, et al., Defendant.—

No opinion. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

In the Matter of LONG ISLAND LIGHTING COMPANY, Respondent, v. HENRY M. VOEHL et al., Constituting the Board of Appeals of the Incorporated Village of Cedarhurst, Appellants.—

The proof establishes, and the board has found, that a substation of the nature proposed is needed to enable the petitioner to provide adequate electric service to its customers. The zone in which the site of the proposed substation is located is the least restricted district in the village. In said zone, there are permitted, as a matter of right, such uses (among others) as hand laundries, dry-cleaning establishments, shirt laundries, carpenter shops, cabinet making shops, furniture and upholstery shops, metal working establishments, machine shops, blacksmith shops, tinsmith shops, leather working establishments and testing laboratories. Adjacent to the site of the proposed substation, there are located two gasoline service stations and an auto body repair and paint shop. The records kept by petitioner since 1953 indicate that during the entire period covered by such records, no personal injury has occurred in any of the 135 electric distribution substations maintained by petitioner. Further, the record herein contains no showing of an injurious effect due to the slight hum which would emanate from the transformer in the proposed substation. In the light of the foregoing circumstances, the denial by the Board of Appeals of the application for the subject special permit in accordance with the applicable provisions of the Village Zoning Ordinance, was unwarranted (*Matter of Long Is. Lighting Co.* v. *Griffin*, 272 App. Div. 551, affd. 297 N. Y. 897; *Matter of Long Is. Lighting Co.* v. *City of Long Beach*, 280 App. Div. 823, affd. 305 N. Y. 880). Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur. [27 Misc 2d 943.]