In the Matter of JACK NEIBURGER et al., Petitioners, against EUGENE LEWIS, as Building Commissioner of the City of Long Beach, Respondent, and EVA CHICKRAY, Intervener, Respondent.

Supreme Court, Special Term, Nassau County, June 22, 1945.

*Carlino & Friedman* for petitioners.

*Bernard H. Reich, Corporation Counsel,* for respondent.

*Morris Alfred Vogel* for intervener, respondent.

C. A. JOHNSON, J. This is a proceeding under article 78 of the Civil Practice Act (1) to review the action of the respondent

Building Commissioner of the City of Long Beach in issuing to the intervener a building permit for the conversion of premises for use as a rooming house and to annul such action and, further, (2) to direct the building commissioner to revoke such permit and to take all steps necessary to compel the intervener to comply with the zoning laws of the City of Long Beach with reference to the premises involved. Eva Chickray, the owner of the premises, was not made a party to the proceeding but has been permitted to intervene by order of this court and has filed an amended answer containing denials and asserting affirmative defenses. The court has reached the conclusion that the issues herein may be determined upon the admitted facts and the exhibits submitted to the court.

It appears that on July 27, 1939, the Board of Zoning Appeals of the City of Long Beach, by resolution, authorized Stock Management Corp., the then owner of the premises at No. 157 Long Beach Boulevard, in the City of Long Beach, to use such premises as a rooming and/or boarding house subject to certain provisions contained in said resolution, which permission, by the terms of the resolution, was granted " only for the duration of the life of the present structure and no additions are to be made thereto ". Except for this language, the authorization of the use of the premises as a rooming or boarding house was without limitation as to time and it is not claimed that any municipal officer, board or commission ever took any step to compel action upon the resolution or to vacate, by reason of its nonexercise, the permission thereby granted. The action of the Board of Zoning Appeals appears to have been taken after due hearing and action by that board, and one of the present petitioners objected in writing to the granting of the permission, but no action was ever taken by anyone to review the action of the Board of Zoning Appeals in the adoption of the resolution.

Stock Management Corp., the owner of the premises at the time the resolution was adopted, never exercised the permission accorded thereunder; some months after the adoption of the resolution, it conveyed the premises involved to Kings County Trust Company; thereafter, an action was commenced by the City of Long Beach and by Union Free School District No. 28 of the Town of Hempstead to foreclose tax liens held by those municipal corporations upon the property and, as a result of that action, the city and school district became the owners of the premises by sheriff's deed; thereafter, by a series of conveyances, title thereto became vested in Eva Chickray, the intervening respondent. She made an application to the

respondent building commissioner for a building permit in accordance with the permission granted by the resolution of July 27, 1939, and such permit was granted on November 15, 1944. The intervening respondent has expended moneys in repair of the premises and, after the verification of the petition in this proceeding, a certificate of occupancy was issued by the building commissioner. With the regularity of this latter action, however, this proceeding is not concerned.

It is contended by the petitioners that the right created by the resolution of July 27, 1939, was not a vested right but was a right which might be exercised solely by the owner of the premises, Stock Management Corp. or its assigns; that the failure of Stock Management Corp. or anyone claiming under it to apply for and secure a building permit under the resolution resulted in the loss of its rights and that the respondent building commissioner had no right or authority to issue a building permit to the intervening respondent in reliance upon the resolution of July 27, 1939. The respondent building commissioner urges that his act in the issuance of the building permit is one which must be reviewed, if at all, under article 78 of the Civil Practice Act by a proceeding commenced within four months of the issuance of the permit; and the intervening respondent urges that the resolution of the Board of Zoning Appeals, until revoked or modified by the board, created, as to the premises involved, a right of use in accordance with the provisions of the resolution which was not personal to any owner but which followed the property and was available even to an owner taking title through a tax lien foreclosure.

There is no question that at least one of the petitioners knew of the application to the Board of Zoning Appeals in 1939 and objected thereto; there is no claim that any action was ever taken by anyone to review the determination of the Board of Zoning Appeals granting the right to use the premises as a rooming or boarding house. The Board of Zoning Appeals, in the adoption of this resolution, had the power to impose reasonable conditions and did impose such conditions, one of which limited the use to the duration of the life of the buildings on the premises. In my opinion, this action of the Board of Zoning Appeals created a vested right of the use of the premises in variation of the Building Zone Ordinance of the City of Long Beach, which right was not a personal license or permission to the owner of the premises for the time being, or its assigns, but, on the contrary, attached to the premises and was available to any owner thereof until the removal or destruction

of the buildings on the premises in 1939 or until a timely revocation by the Board of Zoning Appeals before any owner had taken action or made expenditures in reliance upon the resolution.

It is contended by the petitioners that the sale of the premises by the City of Long Beach in August, 1944, " subject to the zoning laws of the City of Long Beach and any amendments thereto " constituted legislation reimposing the zoning ordinance upon the premises conveyed. With this position I am unable to agree. The action of the common council was in no sense legislative action and cannot be held to have had that effect.

Under these circumstances, the respondent building commissioner had no choice but to issue a building permit in accordance with the application of the intervening respondent, made in reliance upon the resolution of the Board of Zoning Appeals which had never been reviewed, modified or rescinded and which had not expired or become impossible of performance (*Matter of Beckmann* v. *Talbot*, 278 N. Y. 146). It follows that the petition must be dismissed, with costs. Proceed on notice accordingly.