M. Henry Martuscello, J.
Respondents, constituting the Board of Standards and Appeals, move for an order vacating the order of certiorari obtained herein, dismissing the petition and affirming the board’s determination granting a variance in the application of the use district regulations of the Zoning Resolutions of the City of New York.
The subject premises consists of a vacant irregular plot with a frontage of approximately 105 feet along Avenue V, 79 feet along 86th Street and 42 feet along West 10th Street in the Borough of Brooklyn. With the exception of part of West 10th Street the remainder of the parcel is in a retail use area.
The record reveals that prior to September 10, 1956 an application was made to the Superintendent of Buildings for leave to erect a gasoline service station with auto washing, lubrication and minor car repairs, etc. The application was denied on the ground that the proposed gasoline station violated the existing zoning regulations. Thereafter, on September 17,1956, as a result of the denial, one Spindler, an architect for the then owner, Marlboro Holding Oorp., filed an application pursuant to sections 7 (subd. [e]) and 7-A of the zoning resolutions with the respondent board for a variance of the use restrictions contained in sections 3 and 4-C thereof. The petitioner and other property owners, as well as other aggrieved persons, filed objections to the granting of the application on the ground that such variance would cause the area to deteriorate, create new hazards to children going to nearby schools, lessen the value of adjoining property and would adversely áffect the public health, safety and general welfare.
After the hearing the board notified the applicant that the papers filed had improper house numbers and suggested a correction. Accordingly, a corrected set of papers was refiled with the Superintendent of Buildings who again denied the application on November 26, 1957, and on November 29, 1957 the applicant filed its appeal predicated on the latter denial. Following the hearing and a visual inspection on two occasions *791 of the subject premises and the surrounding area, the board by a 3 to 1 decision granted the application and the variance for a period of 15 years, subject to certain conditions and safeguards which the board claims adequately preserve the surrounding property and promote and protect the general welfare, health and safety of the community.
In addition to the arguments and objections raised at the hearing before the board, petitioner now contends that Marlboro Holding Corp. abandoned its action of September 17, 1956 before the board by the filing of the new application with the Superintendent of Buildings and respondent in November 1957, and that when the second application was presented Marlboro Holding Corp. had been dissolved and was no longer the owner of the premises, and that if the respondent had been aware of the change of ownership it may have denied the request for the variance. It is also contended by the petitioner that respondent had not made its own findings as the basis for granting the variance as required by law but instead had adopted the statements and contentions submitted by the applicant.
Under section 7 of the zoning resolutions the board may in appropriate cases qnd in harmony with the general purpose and intent of the zoning resolutions permit a variance of the use regulations under such conditions as will safeguard the character of the district. This section authorizes the board to permit certain nonconforming uses on grounds other than practical difficulties or unnecessary hardships (see § 7, subds. [e], [i];§ 7-A).
Where the board grants a variance the question of power only is to be considered (Matter of Reed v. Board of Standards & Appeals, 255 N. Y. 126, 136). The court will not substitute its judgment for that of the board or otherwise interfere with the exercise of the judgment by the board where the record discloses a reasonable basis for its action (Matter of Douglaston Civic Assn. v. Board of Standards & Appeals, 278 App. Div. 659, affd. 302 N. Y. 920; Matter of Levy v. Board of Standards & Appeals, 267 N. Y. 347).
The record and return herein reveal that the board in granting a use variance under sections 7 (subds. [e], [i]) and 7-A of the zoning resolutions, subject to the conditions and safeguards imposed, made findings that the site in question is located along a very wide and heavily traveled arterial highway, in the midst of a considerable number of vacant plots and diagonally across the street from another gasoline service station existing by virtue of a variance heretofore granted by the board, and that *792 the site involved is not readily adaptable either for residence or retail nse but suitable for its proposed use. An examination of the conditions imposed discloses that the board carefully considered the welfare of the owners of the surrounding properties in order to promote substantial justice to all concerned. Said record and return disclose that the board acted upon a reasonable basis and on sufficient evidence to permit the exercise of its discretionary powers and its determination cannot be said to be arbitrary or contrary to law and consequently may not be set aside.
Petitioner’s contention that the determination was not based upon the board’s own findings is without merit. While it is necessary in a proceeding of this type that the basis of the board’s determination be set forth, it is sufficient if such findings are set forth in the return (People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280). Here the return discloses the facts upon which the determination was' based.
A grant of a variance runs with the land and is not a personal license to the land owner (Matter of Neiburger v. Lewis, 185 Misc. 437; Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493). When the original and corrected applications were made and filed, Marlboro Holding Corp. was still the owner of the property since the certificate of dissolution was not filed with the Secretary of State until November 29, 1957. The matter was therefore properly before the respondent board which had acquired and assumed jurisdiction and there was no fraud perpetrated on the board. The present owners, who were the sole stockholders of the Marlboro Holding Corp., apparently acquired title about this time and were the owners when the board made its final determination. It is well established that the mere filing of a certificate of dissolution does not fully dissolve an existing corporation. It must first lawfully dispose of its assets and do all other acts required to adjust and wind up its business and affairs and may sue and be sued in its corporate name (Stock Corporation Law, § 105). The conveyance by the corporation to its principal stockholders pending the proceeding before the board created a situation where the corporation, to carry out its transfer of title, continued to act as the agent on behalf of its stockholders and new owners. One need not be a property owner to be entitled to the benefits of a variance (Matter of Slater v. Toohill, 276 App. Div. 850; Matter of Eckerman v. Murdock, 276 App. Div. 927, 928). The board, the only possible aggrieved party affected by the change of ownership, does not raise any objection to the transfer, but in fact presses for an affirmance of its deter- *793 ruination. To remit this matter, merely to require the board to perform a ministerial act by indicating a change in ownership, would in nowise affect its determination upon the merits and serve no useful purpose since the variation follows the land and not the owner.
Accordingly, the action of the respondent was not arbitrary, capricious or unreasonable and the petition is dismissed.