■ In the Matter of New York Life Insurance Company et al., Appellants, v. Max H. Foley et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents, and B. J. Denihan, Inc., et al., Intervenors-Respondents.— Orders entered on October 25, 1960, granting motions to dismiss petition, brought pursuant to article 78 of the Civil Practice Act to review a determination of the Board of Standards and Appeals of the City of New York, unanimously affirmed, with $20 costs and disbursements to respondents.    There was substantial evidence to support the board's granting of a variance and sufficient findings to support a conditional variance for a five-year period in accordance with the requirements of this court expressed on the prior

appeal (8 A D 2d 191). Under subdivision (e) of section 7 of the Zoning Resolution the board may in proper cases, but subject to appropriate conditions and safeguards, grant variances. Consequently, the court is required to ascertain whether the board has provided such appropriate conditions and safeguards. Construing the variance to mandate that the nonconforming use · be terminated November 19, 1962 the board has provided appropriate conditions and safeguards. If they are not to be illusory, they are obligatory on both the board and the owner except, perhaps, for unforeseeable reasons and circumstances newly created and beyond the control of the owner. The term of the variance is justified as affording an opportunity to the owner to effect an economical transfer of its nonconforming activities and thus also precludes an application for a further extension, except in extraordinary circumstances, newly created and not foreseeable, and in the absence of fault or responsibility by the owner. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.