■ In the Matter of MAX SCHLOSSER, Respondent, v. WALTER G. MICHAELIS et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, et al., Appellants.—In a proceeding by the owner of certain real property, pursuant to article 78 of the Civil Practice Act, to annul so much of a determination of the Board of Zoning Appeals of the Town of Hempstead, made May 4, 1962, as, in granting petitioner's application for permissive use of such property for a wholesale florist business, imposed certain conditions on such use, said board and the manager of said town's Building Department appeal from an order of the Supreme Court, Nassau County, dated July 18, 1962, which granted the petition, annulled the conditions imposed and directed the issuance of the permit without said conditions. Order reversed on the law and the facts, without costs, and proceeding remitted to the Board of Zoning Appeals of the Town of Hempstead for the holding of another public hearing, for reconsideration, and for a determination *de novo* on the merits not inconsistent with the views herein expressed. The petitioner had entered into a conditional agreement for the sale of the subject premises to a corporate vendee which wished to construct a building for the purpose of conducting a wholesale florist business. The vendee had been operating such a wholesale business from a smaller building in the immediate area for approximately seven years. The conditions to which petitioner objected provide that: (a) there shall be a maximum of 11 employees; (b) the hours of operation shall not be earlier than 7:30 A.M. nor later than 6:30 P.M., except on Saturdays and Sundays; (c) there shall be no operations, including deliveries, conducted on Saturdays after 2:00 P.M. and no operations whatever conducted on Sundays; (d) there shall be no "deliveries of merchandise to the premises received between" 10:00 P.M. and 7:30 A.M.; and (e) there shall be no more than five trucks stored outside the building overnight at any time and none of these trucks shall have a carrying capacity in excess of two tons. The local Building Zone Ordinance provides that the "Board of Appeals shall, in authorizing such permissive uses, impose such conditions and safe-guards as it may deem appropriate, necessary or desirable to preserve and protect the spirit and objectives of this ordinance" (§ Z-1.0, subd. C). Nevertheless, the Board of Appeals has no power to impose conditions which apply to the details of operation of the business and not to the

zoning use of the premises (*Matter of De Ville Homes* v. *Michaelis*, 201 N. Y. S. 2d 129). A Board of Zoning Appeals has no power to impose standards, requirements or conditions which are not set forth in the zoning ordinance (*Matter of De Ville Homes* v. *Michaelis, supra*; *Matter of Community Synagogue* v. *Bates*, 1 N Y 2d 445, 455; *Matter of Oakwood Is. Yacht Club* v. *Board of Appeals*, 32 Misc 2d 677; *Matter of Long Is. Light. Co.* v. *Voehl*, 27 Misc 2d 943, affd. 15 A D 2d 512). In our opinion, the Board of Zoning Appeals here had no power to impose the afore-mentioned conditions. Such conditions applied to the details of the operation of the business and not to the zoning use of the premises (*Matter of De Ville Homes* v. *Michaelis, supra*). The business would still be operated as a wholesale florist business whether there were 11 employees or 21, or whether it was operated after 2:00 P.M. on Saturdays or not, etc. Accordingly, the board should examine the application anew, after another public hearing, to determine whether a permit should be issued. If the permit be issued, however, the board is not empowered to burden it with conditions such as those previously imposed. Ughetta, Acting P. J., Kleinfeld, Christ and Brennan, JJ., concur; Hopkins, J., concurs in the result, with the following memorandum: In my opinion, the Board of Appeals may impose conditions which are reasonably related to the granting of a special exception or variance, and, in some instances, those conditions may be reasonably related to the operation of a business, according to the circumstances presented. Here, I believe that the first condition sought to be imposed, i.e., concerning the maximum number of employees, does not meet the requirement that the condition imposed must bear a reasonable relationship to the grant of the special permission to use premises as a storage warehouse. Therefore, the matter should be remitted to the Board of Appeals for reconsideration.