■ In the Matter of MILKY-WAY LOUNGE, INC., Respondent, v ANTHONY F. VETERAN et al., Constituting the Town Board of the Town of Greenburgh, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Greenburgh, dated May 11, 1977, which, after a hearing, denied petitioner's application for a cabaret license, the appeal is from so much of an order of the Supreme Court, Westchester County, dated October 11, 1977, as remanded the application to the Town Board of the Town of Greenburgh for a full hearing. Permission for the taking of this appeal is hereby granted by Mr. Justice Shapiro. Order affirmed insofar as appealed from, without costs or disbursements. Without passing upon the question of whether petitioner was entitled to a hearing as a matter of right, the town board, having granted a hearing, was bound to conduct it in accordance with due process. Mollen, P. J., Hopkins, Titone, Shapiro and Hawkins, JJ., concur.

■ In the Matter of SABATINO MIRANDO, Petitioner, v GARDINER S. McMULLEN, as Commissioner of the Department of Parks and Recreation of the Town of Hempstead, et al., Respondents.—Determination of the Town Board of the Town of Hempstead, dated November 16, 1976, and made after a hearing, confirmed and proceeding dismissed on the merits, without costs or disbursements (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, J. P., Martuscello, Shapiro and O'Connor, JJ., concur.

■ In the Matter of MURRAY WIENER, as Executor, Respondent, v LAWRENCE M. McMAHON et al., Constituting the Zoning Board of Appeals of the Incorporated Village of Southampton, Appellants.—Judgment of the Supreme Court, Suffolk County, dated April 6, 1977, affirmed, without costs or disbursements, on the opinion of Mr. Justice Baisley at Special Term. Martuscello, J. P., Latham, Damiani and Rabin, JJ., concur.