■ In the Matter of HERBERT A. ALLEN, JR., Appellant, v WILLIAM J. HATTRICK, JR., et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent board of zoning appeals as imposed certain conditions upon the granting of petitioner's application to repair a pre-existing nonconforming building for a pre-existing nonconforming use, petitioner appeals from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), dated January 30, 1981, which, *inter alia,* dismissed the petition. Judgment reversed, on the law, with costs, petition granted, and determination annulled insofar as it set conditions. In March, 1980 petitioner applied to the respondent Board of Zoning Appeals of the Incorporated Village of Southampton for a variance, as required by the zoning ordinance, to renovate and repair a pre-existing nonconforming two-story "garage/apartment", as it is designated on both the 1955 and 1976 certificates of occupancy. The building is situated on a corner of petitioner's seven-acre ocean front property, in a residence district zoned R-80. Minimum lot size is 80,000 square feet, i.e., approximately two acres. The board granted the application but found that the residential use of the building had only been seasonal and accessory to the main dwelling, i.e., no independent family use had ever been made of the building, and it imposed four conditions. Three of the conditions were substantively (and almost verbatim) adopted in 1980 as amendments to the zoning ordinance by the trustees of the village, after this proceeding was commenced. Inasmuch as petitioner did not seek a change in the use of the garage/apartment but only to continue it as he was permitted to do (see Village Ordinance of Village of Southampton, § 3-110-30.01), the first three conditions were entirely outside the scope of the application and of the permission that was in fact granted, and can only be viewed as being arbitrary and capricious. Moreover, there is no support in the record for a finding that year-round occupancy changes the nature or character of the residential use. Similarly, there is no evidence in the record which supports the board's fourth condition restricting the per cent of residential usage of the building. In fact, the alterations will reduce the multiple number of bedrooms to only one. Accordingly, the board's determination is annulled insofar as it set forth conditions. We do not at the present time consider the 1980 amendments, inasmuch as they are outside the scope of petitioner's application. We note only that until the 1980 amendments, the Southampton Village Zoning Ordinance did not make any distinction between accessory dwelling use and rental dwelling use (see *Matter of Wiener v McMahon*, 63 AD2d 652, affg on opn of

Justice Baisley at Special Term, mot for lv to app den 46 NY2d 706) nor any distinction between seasonal and year-round occupancy of accessory dwellings or main dwellings. Titone, J. P., Mangano, Gibbons and Thompson, JJ., concur.