OPINION OF THE COURT
Kenneth H. Lange, J.
In October of 1983, petitioner Gloria Gordon applied to the Zoning Board of Appeals of the Town of Clarkstown for variance of the side yard requirements embodied in the town zoning code. The application was occasioned by the denial of a building permit on the ground that a proposed alteration to her residence would bring the building within 25 feet of the property line, the minimum permissible under the code. The proposed addition would also fail to satisfy the total side yard requirement of 50 feet. There is no question that petitioner’s proposed addition would be 12.1 feet from the property line, and that the total side yard remaining would be 37.1 feet.
After a public hearing, and satisfaction of all of the procedural requisites for consideration of the application, the board granted the requested variance only to the extent that the minimum side yard could be 16.1 feet, some four feet less than petitioner’s request. In addition, the issuance of a building permit was conditioned upon the provision by the petitioner of a “declaration of covenant” irrevocably offering for gratuitous dedication to the County of Rockland a strip of her front yard sufficient to allow the county at some later date to widen the road so that it conforms to the official map. In this proceeding, pursuant to CPLR article 78, petitioner seeks a judgment annulling the condition imposed by the Board and directing the Board to grant the variance as originally requested.
*76 The first question presented is whether the Board was justified in refusing to grant the variance as requested. The Board, of course, is not required to either grant the application as made or reject it completely. Pursuant to the terms of the Town Code, any variance which is granted must be the minimum variance necessary (see Town of Clarkstown Code, § 106-31, subd c, par [2], cl [b]). The Board’s decision is presumed to be proper, and the court’s function in reviewing it is a limited one. Such a determination “may not be set aside in the absence of illegality, arbitrariness or abuse of discretion” (see Matter of Consolidated Edison Co. v Hoffman, 43 NY2d 598, 608; Matter of Martirano v Zoning Bd. of Appeals; 87 AD2d 820, affd 57 NY2d 867).
The Board’s decision to grant the reduced variance is clearly rationally based. The petitioner’s proposal would have resulted in a side yard of less than half the required dimension. The bedroom which was to have been built would have had an interior length of 23.19 feet, which even petitioner recognized to have been a huge bedroom. Even decreased to 19.19 feet, the room is adequate to accomplish petitioner’s purpose. The Board therefore acted within its discretion in limiting the variance it granted.
The condition imposed upon the granting of the variance, however, is more troublesome. Neither the town nor the county currently has any interest in the land which the Board has required to be prospectively dedicated by the petitioner. They are imposing this condition not because of any act on the part of the petitioner or because it bears any relation to the variance she seeks, but solely because the road which passes in front of her residence is not now sufficiently wide to conform to its depiction on the official town map. The Board required a prospective dedication because there are no current plans to widen the road.
There is no question that the Zoning Board is authorized to impose reasonable conditions upon the granting of a variance (see Matter of Dexter v Town Bd., 36 NY2d 102). What the Board has done here, however, is require the petitioner to pay for her variance by prospectively ceding her land to the county. This the Board cannot do. No one disputes that the petitioner has made the requisite showing entitling her to an area variance (see Matter of Cowan v Kern, 41 NY2d 591). The Board cannot, however, impose an unconstitutional condition upon the granting of such a variance. The Board’s action constitutes a taking of private property for public use, without just compensation, in violation of the Fifth Amendment to the United States Constitu *77 tian and section 7 of article I of the New York State Constitution. Simply put, “[a] condition which confiscates the property of the applicant is beyond the power of a board of zoning appeals” (2 Anderson, NY Zoning Law and Prac, § 23.56, p 249).
This is not to say that the imposition of such a condition would be improper in all circumstances. It might very well be appropriate to require a cession of land for public use when approving a subdivision plot or variance for some other large development which would impose additional burdens upon the locality (cf. 1 Rohan, Zoning and Land Use Controls, § 5.04 [5]). Such a situation, however, is not presently before the court. When imposed here, the condition bears no relation to the relief applied for by the petitioner and is therefore arbitrary and capricious (see Matter of Allen v Hattrick, 87 AD2d 575).
The condition that petitioner prospectively dedicate a portion of her land to the county, imposed by the Zoning Board, upon the granting of the variance, is therefore annulled, and the petition is granted to this extent. In all other respects, the petition is denied. The building inspector of the Town of Clarkstown will be directed to issue a building permit to petitioner upon her submission of an application conforming in all other respects to the local laws and ordinances and the determination of the Zoning Board of Appeals.