■ In the Matter of LONG ISLAND UNIVERSITY, Appellant, v BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF OLD WESTBURY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent which granted a special use permit to the petitioner subject to certain conditions, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), entered August 7, 1984, which found conditions Nos. 4, 6 and 8 valid, reasonable and legal, and within the jurisdiction of the respondent, and dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

It is well settled that municipalities, in granting a special use permit, may place reasonable zoning restrictions upon educational uses carried on by private educational institutions *(see, Matter of New York Inst. of Technology v Le Boutillier,* 33 NY2d 125; *Matter of Diocese of Rochester v Planning Bd.,* 1 NY2d 508, 526), so long as the conditions so established relate directly to, and are incidental to, the proposed use of the real property and not to the manner of the operation of the particular enterprise conducted on the premises which are the subject of the special permit *(Matter of Summit School v Neugent,* 82 AD2d 463, 466-467; *see, Matter of Community*

*Synagogue v Bates,* 1 NY2d 445; *Bernstein v Board of Appeals,* 60 Misc 2d 470, *appeal dismissed* 31 AD2d 650, *lv denied* 23 NY2d 646). Furthermore, conditions imposed by a Board of Zoning Appeals must be authorized by the zoning ordinance *(Matter of Community Synagogue v Bates, supra; Matter of Schlosser v Michaelis,* 18 AD2d 940; *Bernstein v Board of Appeals, supra).*

Applying these principles of law to the instant proceeding, Special Term properly determined that the three conditions challenged by the petitioner were within the power of the respondent to impose. We merely note that should the petitioner wish to apply for development of the "environmental [study] area", after the 10-year moratorium contained in condition No. 8 expires, it may also, at that time, apply for a modification of condition No. 6 so as to allow motor vehicle access between that area and Whitney Lane. Lazer, J. P., Mangano, Gibbons and Spatt, JJ., concur.