OPINION OF THE COURT
Alexander, J.
 In Matter of Dexter v Town Bd. (36 NY2d 102), we held that conditions imposed on the grant of a variance must relate only to the use of the property that is the subject of the variance without regard to the person who owns or occupies that property. This fundamental principle was violated by the local zoning board in each case. Consequently, the order of the Appellate Division in St. Onge v Donovan must be reversed, and the order of the Appellate Division in Driesbaugh v Gagnon modified.
I.
A
In St. Onge v Donovan, petitioners contracted to purchase a two-story house in the Town of Colonie for the purpose of *512 operating a real estate business. Operation of such a business is not a permitted use in the residential district where the property is located. This property had been used exclusively for that purpose, however, by the previous owners pursuant to a variance granted by the local zoning board in 1977. The record demonstrates that the variance was granted on the basis of evidence showing that the applicants would suffer unnecessary hardship if they were not permitted to convert the property to commercial use. The variance contained a restrictive condition, however, that provided that the building was "to be used solely by the applicants and may be used only in connection with their existing real estate business”. When petitioners sought site plan approval from the Town Planning Board in 1985 for the continued use of the property as a real estate office, the Planning Board denied approval, citing the fact that the variance granted in 1977 was only temporary, and that under the terms of the restrictive condition a transfer of the property would terminate the variance.
Petitioners appealed that determination to the Zoning Board of Appeals (Board), contending that the previous variance continued to be valid. They argued that they were entitled to use the property for their real estate business — a purpose expressly permitted by the variance — without further permission from the Town since the variance runs with the land, and the circumstances justifying the initial grant of the variance had not changed. The Board concluded, however, that the variance issued in 1977 was temporary, and that new evidence would be required to determine whether an extension would be justified. The Board decided that the entire matter should be reviewed de novo, and scheduled a hearing at which petitioners were invited to present evidence justifying the continuation of the variance. When petitioners failed to appear at the scheduled hearing, the Board denied the application to extend the variance, but did so without prejudice to a future application. This article 78 proceeding challenging the Board’s determination ensued.
Special Term granted the petition to the extent of annulling the Board’s determination requiring a de novo application for a use variance. The court held that a variance runs with the land and cannot be a right personal to the landowner, concluding that the restrictive condition in the 1977 variance is void, and that the variance thus is unconditional with no time limitation. The Appellate Division agreed with Special Term that the restrictive condition is void. It concluded, however, *513 that "it does not necessarily follow that the condition should be ignored and petitioners be granted the benefit of an unconditional variance” (127 AD2d, at 881). Accordingly, the court reversed Special Term, holding that the decision whether to grant a variance lies within the discretion of the Board and as it is not clear that the Board would have granted an unconditional variance had it known that it could not impose the condition, petitioners were required to apply for a variance de novo. The case is now before us pursuant to leave granted by this court.
B
In Driesbaugh v Gagnon, petitioner owns and operates two automobile body repair shops in the Town of Fenton, both of which are located in agricultural-residential districts in violation of the local zoning ordinance. One of the repair shops, located along Route 369 in the Village of Port Crane, is a lawful prior nonconforming use; the other shop, located on Route 7, was purchased by petitioner in 1984, after the enactment of the zoning ordinance, and therefore is not a protected nonconforming use. In February 1985, petitioner was served with a "Notice of Violation” requesting that he cease operations at the Route 7 location.[1] He then applied to the Town Zoning Board of Appeals (Board) for a use variance that would permit him to continue operation of the Route 7 shop.
Although the Board was concerned that any hardship petitioner suffered might be considered self-imposed (see, Matter of Clark v Board of Zoning Appeals, 301 NY 86, 89) because he had purchased the property from one who had been operating an auto repair business in violation of the zoning ordinance, it nevertheless concluded that equitable considerations militated in favor of granting the variance. The Board found that petitioner apparently did not have actual knowledge that the previous owner was operating his business in violation of the zoning ordinance, that petitioner had invested considerable time and money in the premises and that the property’s location — sandwiched between an interstate highway on the north and railroad tracks on the south — made it ill suited for *514 agricultural purposes. The Board noted further that the property had been operated as an auto repair center for nearly 10 years without objection from the Town.[2] Thus, the Board resolved to grant a variance, but imposed six conditions designed to prevent expansion of the nonconforming use.
Petitioner instituted an article 78 proceeding seeking to annul, as relevant here, two of the conditions — the fourth and sixth.[3] The fourth condition proscribed keeping more than two nonemployee vehicles outside the building during working hours, and the sixth condition required petitioner to phase out his operations at the Port Crane location by July 10, 1986. Petitioner contended that the former condition placed a limitation on the number of cars he could recondition in a given week, and thus threatened the economic viability of his business. He further contended that the latter requirement that he phase out his Port Crane business improperly interfered with a lawful nonconforming use.
Supreme Court, agreeing with petitioner, annulled the fourth and sixth conditions, denied the Board’s request to remand the case for reconsideration of the variance and otherwise affirmed the grant of the use variance with the remaining conditions. The court concluded that the limitation on the number of nonemployee cars kept outside the building improperly regulated the conduct of the petitioner’s business, not the use of the land, and the requirement that the Port Crane business be eliminated improperly sought to regulate the use of land that was not the subject of the variance. Additionally, the court found that this last condition constituted an unconstitutional taking of petitioner’s nonconforming use of his Port Crane property. The Appellate Division affirmed for the reasons stated, and we granted leave to appeal.
II.
A
In Matter of Dexter v Town Bd. (36 NY2d 102, supra), a *515 corporation sought to have the Zoning Board of the Town of Gates rezone 12 acres of land from a residential to a commercial classification so as to permit the development of a retail shopping center. Although the zoning board granted the reclassification, it imposed several conditions, one of which provided that the " 'application for the construction of a retail supermarket by [the corporation] and related commercial structures, shall inure to the benefit of [the corporation] only, and for that specific purpose only’ ” (Matter of Dexter v Town Bd., 36 NY2d, at 104, supra). The record revealed that during the hearing on the application, the Town Attorney indicated that the rezoning was to be used only by the corporation and, if for any reason the corporation decided not to proceed with the development, the property would automatically revert to its prior restricted status.
We invalidated the condition, holding that although a local zoning board may impose "appropriate conditions and safeguards in conjunction with a change of zone or a grant of a variance or special permit”, those conditions "must be reasonable and relate only to the real estate involved without regard to the person who owns or occupies it” (Matter of Dexter v Town Bd., 36 NY2d, at 105, supra). We recognized that where a zoning change such as a variance or special permit is sought, there is ordinarily a specific project sponsored by a particular developer that is the subject of the application and that, as a consequence, attention generally focuses on the reputation of the applicant, the applicant’s relationship to the community and the particular intended use, so that "all too often the administrative or legislative determination seems to turn on the identity of the applicant or intended user, rather than upon neutral planning and zoning principles” (Matter of Dexter v Town Bd., 36 NY2d, at 105, supra). We characterized this approach as error, however, and a "lack of adherence to the fundamental rule that zoning deals basically with land use and not with the person who owns or occupies it.” (Matter of Dexter v Town Bd., 36 NY2d, at 105, supra; FGL & L Prop. Corp. v City of Rye, 66 NY2d 111, 116; Matter of Weinrib v Weisler, 27 NY2d 592, affg 33 AD2d 923; Vernon Park Realty v City of Mount Vernon, 307 NY 493, 500).
Our holding in Dexter did not, nor was it intended to, divest zoning boards of their discretionary power to impose reasonable conditions in connection with a zoning decision; it merely established limitations on the exercise of that power. A zoning *516 board may, where appropriate, impose "reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property”, and aimed at minimizing the adverse impact to an area that might result from the grant of a variance or special permit (Matter of Pearson v Shoemaker, 25 Misc 2d 591, 592; see, 2 Anderson, New York Zoning Law and Practice §§ 23.47, 23.48, at 237-239 [3d ed]). Such conditions might properly relate "to fences, safety devices, landscaping, screening and access roads relating to period of use, screening, outdoor lighting and noises, and enclosure of buildings and relating to emission of odors, dust, smoke, refuse matter, vibration noise and other factors incidental to comfort, peace, enjoyment, health or safety of the surrounding area” (Matter of Pearson v Shoemaker, 25 Misc 2d 591, 592, supra). Similarly, we have upheld, as a condition of rezoning property for commercial use, the imposition of a requirement that the owners of the property execute and record restrictive covenants relating to the maximum area to be occupied toy buildings, the erection of a fence, and the planting of shrubbery (see, Church v Town of Islip, 8 NY2d 254, 259). Such conditions are proper because they relate directly to the use of the land in question, and are corrective measures designed to protect neighboring properties against the possible adverse effects of that use. Conditions imposed to protect the surrounding area from a particular land use are consistent with the purposes of zoning, which seeks to harmonize the various land uses within a community (see generally, Collard v Incorporated Vil. of Flower Hill, 52 NY2d 594, 602; Udell v Haas, 21 NY2d 463, 469-470).
On the other hand, zoning boards may not impose conditions which are unrelated to the purposes of zoning (see, 2 Anderson, New York Zoning Law and Practice § 23.55 [3d ed]; Matter of Dexter v Town Bd., 36 NY2d, at 105, supra). Thus, a zoning board may not condition a variance upon a property owner’s agreement to dedicate land that is not the subject of the variance application (see, e.g., Gordon v Zoning Bd. of Appeals, 126 Misc 2d 75 [condition requiring dedication of portion of front yard invalid where variance sought related to side yard requirements]; Matter of Allen v Hattrick, 87 AD2d 575 [conditions unrelated to relief requested in variance invalid]). Nor may a zoning board impose a condition that seeks to regulate the details of the operation of an enterprise, rather than the use of the land on which the enterprise is located (see, e.g., Matter of Summit School v Neugent, 82 AD2d *517 463 [conditions regulating details of the operation of a private school invalid]; Matter of Schlosser v Michaelis, 18 AD2d 940 [conditions regulating details of a wholesale florist business invalid]). Such conditions are invalid because they do not seek to ameliorate the effects of the land use at issue, and are thus unrelated to the legitimate purposes of zoning.
B
In St. Onge, the condition imposed on the variance granted by the Town Zoning Board in 1977 clearly relates to the landowner rather than the use of the land. By its terms, the condition purports to terminate the variance automatically if any persons other than the original applicants use the property as a real estate office. This is precisely the type of personal condition proscribed by Matter of Dexter v Town Bd. (36 NY2d 102, supra), for it focuses on the persons occupying the property rather than the use of the land or the possible effects of that use on the surrounding area. As this condition bears no relation to the proper purposes of zoning, therefore, it was properly ruled invalid.
Similarly in Driesbaugh, the Zoning Board of the Town of Fenton improperly conditioned its grant of the variance on the phasing out of petitioner’s Port Crane operation. The variance requested by petitioner related only to the business located on Route 7 and, therefore, any conditions imposed on the variance must relate solely to that property (Matter of Dexter v Town Bd., 36 NY2d, at 105, supra). By conditioning the variance on the elimination of the Port Crane operation, the Board has imposed a requirement completely unrelated either to the use of the land at issue or to the potential impact of that use on neighboring properties (see, Matter of Dexter v Town Bd., 36 NY2d, at 105, supra).[4] The Appellate Division, therefore, correctly found this condition to be invalid.
The Town’s contention in Driesbaugh, that the sixth condition is justified by the close relationship between the two properties and, generally, by the interrelated nature of land in the community must be rejected. We acknowledge that, in exercising their zoning powers, local authorities must consider the needs of the community as a whole (see, Udell v Haas, 21 *518 NY2d 463, 469, supra). Indeed, it is for this reason that zoning decisions must be made "in accordance with a comprehensive plan”, rather than in response to "the whims of either an articulate minority or even majority of the community” (Town Law § 263; Udell v Haas, 21 NY2d, at 469, supra). The zoning power is not without limits, however, and its mere invocation does not excuse the arbitrary infringement of property rights (see, Udell v Hass, 21 NY2d, at 473, supra). In seeking a variance for a specific parcel petitioner should not have been required to forfeit valuable property rights merely because he happened to own other property in the same community (see, People v Miller, 304 NY 105, 107 [prior nonconforming use constitutionally protected interest]; Matter of Harbison v City of Buffalo, 4 NY2d 553). The fact that the two separate parcels here are held in common ownership is purely a matter of personal circumstance, and does not furnish a basis for regulating the parcel which is not the subject of the variance (Matter of Dexter v Town Bd., 36 NY2d, at 105, supra).
In contrast, the condition in Driesbaugh limiting the number of cars that may be parked at the Route 7 shop should have been upheld as a valid exercise of the zoning board’s discretion. The number of vehicles that are permitted to accumulate on petitioner’s property may adversely affect the character of the neighborhood, classified in the zoning ordinance as an agricultural-residential district. Notably, several of the other conditions imposed — prohibiting the accumulation of scrap materials and debris outside the building and limiting any outward appearance of a commercial operation— manifest a similar concern that the use of the property not disrupt the rural atmosphere of the surrounding area. This condition, therefore, which limits to two the number of vehicles that may be kept outside the building during working hours, is valid as a reasonable restriction on petitioner’s use of the property (Matter of Dexter v Town Bd., 36 NY2d, at 105, supra).
III.
 Our determination that the local zoning board in each case improperly imposed a condition on a variance that is unrelated to the use of the property in question does not end the inquiry. The question remains as to whether, in the circumstances, Supreme Court properly upheld the respective variances after striking the invalid condition, or whether the *519 local zoning board in each case should have been afforded an opportunity to reconsider the variance application. We conclude that in St. Onge, the Appellate Division erred in requiring petitioners to reapply to the zoning board for a variance, and that in Driesbaugh, the Appellate Division properly affirmed the Supreme Court judgment upholding the variance after striking the impermissible condition.
It is, of course, true that the decision whether to grant a variance properly lies within the discretion of the Board (see, Matter of Village Bd. v Jarrold, 53 NY2d 254, 257; Consolidated Edison Co. v Hoffman, 43 NY2d 598, 606). A local zoning board’s grant or denial of a variance, however, is subject to judicial review. Section 267 of the Town Law specifically authorizes Supreme Court to review the decisions of town zoning boards, and further provides that "the court may reverse or affirm, wholly or partly, or may modify the decision brought up for review” (Town Law § 267 [10]). Concededly, the court’s review power is limited. "[A] board determination may not be set aside in the absence of illegality, arbitrariness or abuse of discretion” (Consolidated Edison Co. v Hoffman, 43 NY2d 598, 608, supra). Moreover, the reviewing court may not conduct a trial de novo on an issue already decided by the zoning board on the basis of substantial evidence (People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co. v Walker, 282 NY 400, 405). Within those limitations, however, the court may appropriately modify the decision brought up for review if the zoning board’s determination was illegal, arbitrary or an abuse of its discretion.
In both St. Onge and Driesbaugh, the respective zoning boards exercised their discretion in deciding to grant the requested variances. No argument is made in either case that the requirements for a variance were not satisfied. It is thus established that the requirements for a variance were satisfied in each case (see generally, Matter of Village Bd. v Jarrold, 53 NY2d, at 257, supra; Matter of Otto v Steinhilber, 282 NY 71, 76). The imposition of the personal conditions, however, as indicated above, was illegal. Thus, Supreme Court appropriately excised the unlawful conditions in each case (Town Law § 267 [10]; see, 6 Rohan, Zoning and Land Use Controls § 43.03 [3]; see, e.g., Matter of Allen v Hattrick, 87 AD2d 575, supra; Matter of Summit School v Neugent, 82 AD2d 463, supra; Matter of Hubshman v Henne, 42 AD2d 732).
The argument made by respondents in St. Onge, that *520 Special Term violated the "clear” intent of the Board by granting a permanent and unconditional variance, must be rejected. It is basic that a variance runs with the land and, "absent a specific time limitation, it continues until properly revoked” (2 Anderson, New York Zoning Law and Practice § 23.53 [3d ed]; see, Blum v McGraw, 92 Misc 2d 781, 784; Balodis v Fallwood Park Homes, 54 Misc 2d 936, 939; Matter of Feneck v Murdock, 16 Misc 2d 789, 792). Here, the conclusion that the Board’s imposition of a personal condition was merely a misguided attempt to impose a time limitation is merely speculative and not supported by the record (see, 2 Anderson, New York Zoning Law and Practice § 23.53 [3d ed]; see, Matter of New York Life Ins. Co. v Foley, 13 AD2d 768). Indeed, what evidence there is in the record of the Board’s intent indicates that it rested its decision to grant a variance on the intended use of the property as a real estate office. Thus, it cannot be said that, in granting the variance without the condition, Special Term violated the Board’s "clear” intent to limit the duration of the variance. The Board’s imposition of a condition personal to the landowners constituted an error of law properly reviewable by Special Term, and that court properly exercised its discretion in upholding the variance after striking the condition.
Accordingly, the order of the Appellate Division in St. Onge v Donovan is reversed and the judgment of Special Term reinstated; the order of the Appellate Division in Driesbaugh v Gagnon is modified by reinstating the fourth condition and, as so modified, affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
In Matter of St. Onge v Donovan: Order reversed, with costs, and judgment of Supreme Court, Albany County, reinstated.
In Matter of Driesbaugh v Gagnon: Order modified, with costs to appellants, by reinstating the Board’s fourth condition and, as so modified, affirmed.

. Petitioner was also served with a "Notice of Violation” concerning his Port Crane business. The Zoning Board of Appeals reversed the citation, however, after concluding that the Port Crane operation was a lawful nonconforming use.

. The previous owner purchased the property in 1976. The zoning board’s "Opinion and Decision” is dated April 10, 1986. Thus, at the time of the Board’s decision, the property had been used illegally for about 10 years.

. Petitioner abandoned his challenge to the second condition which precluded the posting of any sign denoting a commercial operation, after an agreement was reached with the Town permitting petitioner to post a sign identifying his business as a registered vehicle repair shop in compliance with State law.

. As we hold the condition invalid for violating the rule in Dexter, we need not reach the issue of whether it also constitutes an unconstitutional deprivation of property.