■ In the Matter of SV SPACE DEVELOPMENT CORPORATION, Appellant, v TOWN OF BABYLON ZONING BOARD OF APPEALS, Respondent. [682 NYS2d 95] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Babylon, dated November 5, 1997, the petitioner appeals from so much of a judgment of the Supreme Court, Suffolk County (Emerson, J.), entered April 17, 1998, as denied that branch of the petition which sought to review so much of the determination as limited the term of its special use permit to a period of two years.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which sought to review so much of the determination as limited the term of the petitioner's special use permit to a period of two years is granted, and the two-year term limit is annulled.

The petitioner applied for, and was granted, a special use permit. However, the permit contained two conditions which were unacceptable to the petitioner. The first, a limitation on the hours that the petitioner could operate its business, was annulled by the Supreme Court in a portion of the judgment which has not been appealed from. The second, the subject of the instant appeal, is the two-year durational limit set by the respondent Zoning Board of Appeals of the Town of Babylon.

The two-year term limit at issue here must be annulled. The zoning ordinance does not provide for or contemplate durational limits in connection with the issuance of special use permits (Code of Town of Babylon § 213-13). That being so, it was improper for the Board to include that limitation in the special use permit in question (*see, Matter of St. Onge v Donovan,* 71 NY2d 507; *Matter of Long Is. Univ. v Board of Appeals,* 122 AD2d 53, 54; 2 Anderson, New York Zoning Law and Practice §§ 23.55, 24.15 [3d ed]).

In light of this determination, we need not reach the parties' remaining contentions. Rosenblatt, J. P., Ritter, Copertino and Thompson, JJ., concur.