■ In the Matter of 150 WASHINGTON AVENUE CORP., Appellant, v BOARD OF ZONING & APPEALS OF VILLAGE OF MINEOLA,

Respondent. [744 NYS2d 456] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Board of Zoning & Appeals of the Village of Mineola, dated June 15, 2000, as imposed a condition upon the use variance granted to the petitioner, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Franco, J.), dated January 30, 2001, as denied that branch of the petition which was to annul that condition and dismissed the proceeding.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the petition which was to annul the condition that there be no commercial or business storage anywhere on the subject premises is granted, that condition is annulled, and the matter is remitted to the respondent for the issuance of a variance in conformance herewith.

This case arises out of the petitioner's application for a variance to legalize the occupancy of its two-family house, which is located in a B-1 zoning district in the Village of Mineola. The house had been occupied by two or three families since the petitioner's predecessor in title purchased it, even though such use is contrary to the Mineola Municipal Code (hereinafter the Code) (see Mineola Municipal Code, art III, § 30.31). The driveway of the property also has been used to store landscaping equipment, including dump trucks and pick-up trucks with trailers, which was a permitted use in a B-1 district, provided the requisite special permit was issued by Village's Board of Trustees (see Village of Mineola Municipal Code, art VII, § 30.78 [B]). The petitioner has applied for the requisite special permit.

At a hearing before the respondent Board of Zoning & Appeals of the Village of Mineola (hereinafter the BZA), the BZA expressed its concern about parking for the petitioner's tenants, citing a requirement in the Code that a two-family house must have four parking spaces reserved for tenant use. After the hearing, the BZA granted a variance to the petitioner legalizing the use of the premises for a two-family house, inter alia, on condition that it comply with all other Code requirements including those for off-street parking. Additionally, as a condition to the granting of the variance, the BZA prohibited all business and commercial storage on the premises. On this appeal, the petitioner challenges only the imposition of this condition.

The law is well settled that in granting variances, zoning boards of appeal have "the authority to impose such reasonable

conditions and restrictions as are directly related to and incidental to the proposed use of the property. Such conditions shall be consistent with the spirit and intent of the local zoning law, and shall be imposed for the purpose of minimizing any adverse impact such variance may have on the neighborhood or community" (Village Law § 7-712-b [4]; *see Matter of St. Onge v Donovan,* 71 NY2d 507; *Matter of Baker v Brownlie,* 270 AD2d 484). Conditions are proper if they "relate directly to the use of the land in question, and are corrective measures designed to protect neighboring properties against the possible adverse effects of that use" (*Matter of St. Onge v Donovan, supra* at 516).

In this case, the challenged condition does not meet that standard. The Code permits the outdoor storage of garden supplies and equipment without a permit in a B-1 zoning district, and, at the time of the application, permitted garaging and storage of commercial vehicles in a B-1 district, upon the issuance of a special permit by the Board of Trustees (*see* Village of Mineola Municipal Code, art VII, § 30.31 B-1 [A] [7]; § 30.78 [B]). The challenged condition, which absolutely prohibits, inter alia, the aforementioned uses, even indoors, is inconsistent with the spirit and intent of the local zoning law and was improperly imposed (*see* Village Law § 7-712-b [4]; Village of Mineola Municipal Code, art VII, § 30.78 [B]; *Matter of St. Onge v Donovan, supra; Matter of Clearview Gardens Pool Club v Foley,* 19 AD2d 905, 906, *affd* 14 NY2d 809).

In light of our determination, we need not reach the parties' remaining contentions. Florio, J.P., O'Brien, H. Miller and Townes, JJ., concur.