■ In the Matter of ROCKLAND VETERANS MEMORIAL DRIVE, LLC, Appellant, v ZONING BOARD OF APPEALS FOR TOWN OF ORANGETOWN, NEW YORK, Respondent. [756 NYS2d 483] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals for the Town of Orangetown, dated September 5, 2001, as, after a hearing, imposed conditions requiring, inter alia, the petitioner to maintain the proposed assisted-living facilities for 10 years after the completion of their construction in connection with the grant of area variances, the appeal is from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated February 20, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner applied for numerous area variances in connection with its construction of two related assisted-living facilities. Following a hearing, the Zoning Board of Appeals for the Town of Orangetown, issued the area variances with conditions requiring, inter alia, the petitioner to maintain the proposed assisted-living facilities for 10 years after the completion of their construction.

The petitioner instituted this proceeding seeking to review that part of the determination as imposed the conditions. The Supreme Court determined that the conditions were reasonable and related directly to the property without regard to the owner of the property.

In granting variances, zoning boards of appeal have "the authority to impose such reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property. Such conditions shall be consistent with the spirit and intent of the [local zoning law], and shall be imposed for the purpose of minimizing any adverse impact such variance may have on the neighborhood or community" (Town Law § 267-b [4]; *see Matter of St. Onge v Donovan,* 71 NY2d 507 [1988]). Conditions are proper if they "relate directly to the use of the land in question, and are corrective measures designed to protect neighboring properties against the possible adverse effects of that use" (*Matter of St. Onge v Donovan, supra* at 516).

In this case, the challenged conditions meet that standard. The conditions are reasonable and relate directly to the land use at issue without regard to the owner of the property. Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.