# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

811

CA 12-00349

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

MEAD SQUARE COMMONS, LLC, PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

VILLAGE OF VICTOR, DEFENDANT-RESPONDENT.

---

BOND, SCHOENECK & KING, PLLC, ROCHESTER (KARL S. ESSLER OF COUNSEL), FOR PLAINTIFF-APPELLANT.

REID A. HOLTER, VICTOR, FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered November 7, 2011. The judgment denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying defendant's cross motion to the extent that it sought dismissal of the declaratory judgment causes of action, reinstating those causes of action, and granting judgment in favor of defendant as follows:

It is ADJUDGED and DECLARED that section 170-13 of defendant's Zoning Ordinance is valid and enforceable

and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking injunctive relief and a declaration that section 170-13 (C) (1) of defendant's Zoning Ordinance (Ordinance) is unlawful, invalid and unenforceable. That section prohibits the operation of a "formula fast-food restaurant" (FFFR) in defendant's "Central Business District" (§ 170-13 [C] [1] [d]; *see* Ordinance §§ 50-12, 170-3 [B]). An FFFR is defined in section 170-13 (C) (1) (b) as "[a]ny establishment, required by contract, franchise or other arrangements, to offer two or more of the following: [1] Standardized menus, ingredients, food preparation, and/or uniforms[;] [2] Prepared food in ready-to-consume state[;] [3] Food sold over the counter in disposable containers and wrappers[;] [4] Food selected from a limited menu[;] [5] Food sold for immediate consumption on or off premises[;] [6] Where customer pays before eating." The stated purpose of section 170-13 (C) (1) is "to maintain [defendant's] . . . unique village character, the vitality of [its] commercial districts, and the quality of life of [its]

residents."

Plaintiff, a limited liability company that owns real property in the Central Business District, challenges the validity of Ordinance § 170-13 because plaintiff seeks to lease commercial space for a Subway restaurant, which qualifies as an FFFR under the Ordinance.  In its complaint, plaintiff alleges that section 170-13 is unconstitutional because it "is based solely upon the ownership or control of the restaurant owner and not upon the characteristics of the use itself." Plaintiff further alleges that section 170-13 should be declared invalid because it "excessively regulates the details" of plaintiff's business operation.  Plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and granted defendant's cross motion.

Relying largely on *Matter of Dexter v Town Bd. of Town of Gates* (36 NY2d 102), plaintiff contends that the court erred in rejecting its allegation that Ordinance § 170-13 improperly regulates the ownership rather than the use of property within the Central Business District.  We reject that contention.  In *Dexter*, the Town Board resolved to rezone 12 acres of land from a residential classification to a commercial classification to permit the construction of a supermarket (*see id.* at 104).  The resolution was conditioned, however, upon a specified corporation developing the land and constructing the supermarket, which suggested that the site would revert back to its former classification if that corporation did not develop the property (*see id.* at 106).  The Court of Appeals held that such a condition was invalid based upon its "lack of adherence to the fundamental rule that zoning deals basically with land use and not with the person who owns or occupies it" (*id.* at 105; *see Matter of St. Onge v Donovan*, 71 NY2d 507, 514-517).  The fundamental rule referred to in *Dexter* is in essence a "prohibition against *ad hominem* zoning decisions" (*Village of Valatie v Smith*, 83 NY2d 396, 403; *see St. Onge*, 71 NY2d at 514-517).

Here, unlike in *Dexter*, the challenged Ordinance section does not single out a particular property owner for favorable or unfavorable treatment (*cf. St. Onge*, 71 NY2d at 516-517; *Dexter*, 36 NY2d at 104-106; *Matter of Kempisty v Town of Geddes*, 93 AD3d 1167, 1170-1171). Rather, all property owners in the Central Business District are treated the same under section 170-13 inasmuch as all property owners are prohibited from operating an FFFR (*see Village of Valatie*, 83 NY2d at 403).  Contrary to plaintiff's related contention, we conclude that section 170-13 regulates the use, not the ownership, of the subject property.  Indeed, plaintiff is not an FFFR, nor does it seek to operate an FFFR.  Instead, plaintiff is a property owner that seeks to rent commercial space to an FFFR.  Thus, it is plaintiff's use of the property that is being regulated, and its ownership status is irrelevant.

We further conclude that the court properly determined that Ordinance § 170-13 does not improperly regulate the manner of plaintiff's business operations (*cf. Matter of Old Country Burgers*

*Co., Inc. v Town Bd. of Town of Oyster Bay*, 160 AD2d 805, 806; *Matter of Schlosser v Michaelis*, 18 AD2d 940, 940-941).  We note that plaintiff failed to preserve for our review any contention that there is no rational basis for distinguishing between FFFRs and non-FFFRs that meet two or more of the criteria set forth in section 170-13 because it did not advance that contention in support of its motion (*see Morgan v Town of W. Bloomfield*, 295 AD2d 902, 904).

Finally, we conclude that the court erred in granting that part of the defendant's cross motion seeking dismissal of the declaratory judgment causes of action rather than declaring the rights of the parties (*see Pless v Town of Royalton*, 185 AD2d 659, 660, *affd* 81 NY2d 1047; *Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954).  We therefore modify the judgment by denying defendant's cross motion to the extent that it sought summary judgment dismissing the declaratory judgment causes of action, reinstating those causes of action, and declaring section 170-13 of the Ordinance, including the prohibition of FFFRs, is valid and enforceable.

Entered:  July 6, 2012                          Frances E. Cafarell
                                                Clerk of the Court