◼ In the Matter of RONALD CITRIN et al., Appellants, v BOARD OF ZONING AND APPEALS OF TOWN OF NORTH HEMPSTEAD, Respondent. [39 NYS3d 229]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Board of Zoning and Appeals of the Town of North Hempstead dated April 22, 2015, as, after a hearing, imposed a five-year durational limit upon a permit granted to the petitioners, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered November 18, 2015, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the portion of the determination that imposed the five-year durational limit is annulled.

The petitioners own property on a split-zone lot in the Town of North Hempstead. On that property is an established restaurant, which is located within the Town's business district, and an adjoining parking lot, which extends into the Town's residence district. The Town's Board of Zoning and Appeals (hereinafter the Board) granted the petitioners a permit pursuant to Code of the Town of North Hempstead (hereinafter Town Code) § 70-225 (E) to continue the use of the parking lot in the residence district for a period of five years. The petitioners commenced this CPLR article 78 proceeding, in which they seek to annul the five-year durational limit. The Supreme Court denied the petition and dismissed the proceeding.

The Board did not have the authority to impose a durational limit on a permit granted pursuant to Town Code § 70-225 (E). "Judicial review of a determination by a zoning board is generally limited to determining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Witkowich v Zoning Bd. of Appeals of Town of Yorktown*, 84 AD3d 1101, 1102 [2011]). "[W]here the issue involves pure legal interpretation of statutory terms, deference [to the board] is not required" (*Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d 154, 160 [2009], citing *Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 419-420 [1998]; *see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 419 [1996]; *Matter of Teachers Ins. & Annuity Assn. of Am. v City of New York*, 82 NY2d 35, 41-42 [1993]).

"[C]onditions imposed by a Board of Zoning Appeals must be authorized by the zoning ordinance" (*Matter of Long Is. Univ. v Board of Appeals of Inc. Vil. of Old Westbury*, 122 AD2d 53, 54 [1986]; *see Matter of Community Synagogue v Bates*, 1 NY2d 445, 445-458 [1956]; *Matter of SV Space Dev. Corp. v Town of*

*Babylon Zoning Bd. of Appeals*, 256 AD2d 471, 471 [1998]; *Matter of Schlosser v Michaelis*, 18 AD2d 940, 941 [1963]). "[I]f a zoning board imposes unreasonable or improper conditions, those conditions may be annulled although the variance is upheld" (*Matter of Baker v Brownlie*, 270 AD2d 484, 485 [2000]).

Here, Town Code § 70-225 (E) does not explicitly provide the Board with the authority to impose durational limits upon permits granted pursuant to that section. Thus, it was improper for the Board to include a five-year durational limit on a permit granted pursuant to that provision, and the durational limit must be annulled (*see Matter of Community Synagogue v Bates*, 1 NY2d at 445-458; *Matter of SV Space Dev. Corp. v Town of Babylon Zoning Bd. of Appeals*, 256 AD2d at 471; *Matter of Long Is. Univ. v Board of Appeals of Inc. Vil. of Old Westbury*, 122 AD2d at 54; *Matter of Schlosser v Michaelis*, 18 AD2d at 941).

In light of our determination, we need not reach the parties' remaining contentions. Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.