■ PROVINCE OF MERIBAH SOCIETY OF MARY, INC., Appellant, v VILLAGE OF MUTTONTOWN et al, Respondents. (Proceeding No. 1.) In the Matter of PROVINCE OF MERIBAH SOCIETY OF MARY, INC., Appellant, v BOARD OF ZONING APPEALS OF THE INCORPORATED VILLAGE OF MUTTONTOWN, Respondent. (Proceeding No. 2.)—In consolidated proceedings pursuant to CPLR article 78 to review (1) a determination of the respondent Board of Zoning Appeals of the Incorporated Village of Muttontown, dated June 3, 1986, which denied the petitioner's application for a building permit because it did not have a special use permit, the petitioner appeals from a judgment of

the Supreme Court, Nassau County (Winick, J.), dated October 24, 1986, which dismissed the petition, and (2) a determination of the respondent Board of Zoning Appeals of the Incorporated Village of Muttontown, dated March 18, 1987, which imposed certain conditions upon the granting of a special use permit, the petitioner appeals from a judgment of the same court (Christ, J.), entered January 20, 1988, which dismissed the petition.

Ordered that the judgment dated October 24, 1986, is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment entered January 20, 1988, is modified, on the law, by granting the petition to the extent of annulling so much of the determination as imposed conditions numbered 1, 4, 5, 6, and 10 and by denying it in all other respects; as so modified, the judgment is affirmed, without costs or disbursements.

The petitioner, a domestic not-for-profit corporation, owns certain real property which is located in the residence A-1 zoning district of the Incorporated Village of Muttontown. The property is presently improved by a single-family dwelling, a two-story accessory building and an indoor swimming pool. Since 1970, although operating under a different name, the petitioner used the subject property as a religious retreat house in conjunction with a high school. At that time, Incorporated Village of Muttontown Building Zone Ordinance § 5.0 (hereinafter the Building Zone Ordinance) did not specifically authorize use of property for a religious retreat house in a residence A-1 district but permitted "churches for public worship and other strictly religious uses" subject to certain standards and requirements. These requirements included making an application for a building permit and referral of the application to the Board of Zoning Appeals. A permit for churches and other religious uses could only be issued upon the Board of Zoning Appeals' finding, after public notice and hearing, that the application, which, among other things, required submission of a site plan, was in compliance with the standards and requirements contained in the applicable section. The petitioner commenced using the subject property, allegedly upon the assurances of certain village officials, without applying for a building permit.

In 1985 the petitioner applied for a building permit to make certain alterations to the structures on the subject property. At that time the Building Zone Ordinance § 5.0 (e) authorized as permitted uses "Churches for public worship, religious retreat houses providing accommodation for religious instruc-

tion and other strictly religious uses, only when authorized as a special use permit by the Zoning Board of Appeals". In reliance upon this provision in the Ordinance, the building inspector denied the application for the building permit and referred the application to the Board of Zoning Appeals.

After the Board of Zoning Appeals reviewed and sustained the denial of the application for a building permit, the petitioner commenced proceeding No. 1 seeking to overturn the determination on the ground that its use of the premises constituted a legal nonconforming use. Alternatively, the petitioner claimed that the Ordinance was unconstitutional.

The Supreme Court, Nassau County (Winick, J.), denied the petition because it found that the determination of the Board of Zoning Appeals was not arbitrary, capricious or an abuse of discretion. Additionally, the court found that the petitioner had not established that the applicable provision of the Ordinance was unconstitutional.

The petitioner subsequently brought the first of the instant appeals. During the pendency of this appeal, without prejudice to its rights to continue to challenge the applicability of the amended Ordinance to its use of the subject property, the petitioner applied for a special use permit.

In March 1987 the Board of Zoning Appeals granted the special use permit, subject to 10 specified conditions. Thereafter, the petitioner commenced a second CPLR article 78 proceeding to review the determination of the Board of Zoning Appeals. The petitioner alleged that six of the conditions imposed by the Board of Zoning Appeals were arbitrary, unreasonable, illegal and violative of its constitutional rights. By judgment entered January 20, 1988, the Supreme Court, Nassau County (Christ, J.), dismissed the petition.

Justice Winick properly found that the petitioner's use of the subject property did not constitute a legal nonconforming use. A party who raises a claim of a nonconforming use must establish that the use was legally created (see, Incorporated Vil. of Old Westbury v Alljay Farms, 100 AD2d 574, mod 64 NY2d 798). There is no dispute that the petitioner's use of the subject property constitutes a religious use. Thus, pursuant to the terms of Building Zone Ordinance former § 5.0 (e), the petitioner could not use the subject premises for a religious use without obtaining a building permit which was subject to the approval of the Zoning Board of Appeals. Since it is undisputed that the petitioner did not apply for a building permit in 1970, its use of the premises was not a legal

nonconforming use. Thus, the Supreme Court properly found that this claim could not serve as a basis for overturning the determination of the Board of Zoning Appeals.

Justice Winick also properly found that the petitioner's constitutional challenge was without merit. The petitioner was not required to establish that it had applied for and was denied the special use permit before it could facially attack the subject Ordinance as violative of First Amendment rights (see, New York State Club Assn. v City of New York, 487 US 1; Broadrick v Oklahoma, 413 US 601; People v Parker, 41 NY2d 21, 24-25). However, the petitioner did not meet its burden of establishing that the Ordinance is unconstitutional on its face. The petitioner claims that the Building Zone Ordinance is unconstitutional because religious uses are required to obtain a special permit conditioned upon meeting certain standards and requirements (see, Building Zone Ordinance § 5.0 [e]) while other uses in the residential district are not subject to these standards and requirements. However, legislative classifications are presumed to be constitutional and the burden of showing that the classifications are unconstitutional is on the challenging party (see, New York State Club Assn. v City of New York, supra; McMinn v Town of Oyster Bay, 66 NY2d 544, 545-549; Lighthouse Shores v Town of Islip, 41 NY2d 7; Tilles Inv. Co. v Town of Huntington, 137 AD2d 118). Since it is well established that a zoning ordinance may provide that the granting of a special permit to churches and other religious uses may be conditioned on the effect the use would have on traffic congestion, property values, municipal services, and the general plan for the development of the community (see, Cornell Univ. v Bagnardi, 68 NY2d 583; Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor, 38 NY2d 283, cert denied 426 US 950), the petitioner's constitutional challenge is without merit.

Nevertheless, we find that Justice Christ improperly sustained most of the conditions which were imposed upon the grant of the special use permit in the instant case. It is settled that a zoning board may impose "appropriate conditions and safeguards in conjunction with * * * a grant of a * * * special permit" (Matter of Dexter v Town Bd., 36 NY2d 102, 105; see also, Matter of St. Onge v Donovan, 71 NY2d 507). However, these conditions "must be reasonable and relate only to the real estate involved without regard to the person who owns or occupies it" (Matter of Dexter v Town Bd., supra, at 105). The petitioner challenged conditions numbered 1, 4, 5, 6, 7 and 10. Of these, only condition number 7 reasonably relates to the

use of the subject property and its effect on the surrounding area. Conditions numbered 1 and 5 are invalid because they purport to regulate the internal operations of the user rather than the use of the land and its effect upon the surrounding land *(see, Matter of St. Onge v Donovan, supra; Matter of Summit School v Neugent,* 82 AD2d 463). Conditions numbered 4, 6, and 10 are invalid because they constitute an improper extension of the power of the Board *(see,* Building Zone Ordinance § 9.3; *Matter of Hubshman v Henne,* 42 AD2d 732, 733; *Matter of Schlosser v Michaelis,* 18 AD2d 940, 941). Inasmuch as the requirements for the issuance of a special use permit have been satisfied by the petitioner, we modify the order by annulling so much of the determination of the Zoning Board of Appeals as imposed the unlawful conditions, and as so modified affirm the judgment *(see, Matter of St. Onge v Donovan, supra,* at 519).

The petitioner's contention with respect to the remaining conditions are unpreserved for appellate review and we decline to address them *(see, Risucci v Homayoon,* 122 AD2d 260; *Mastronardi v Mitchell,* 109 AD2d 825, 828). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.