■ In the Matter of OLD COUNTRY BURGERS CO., INC., Appellant, v TOWN BOARD OF THE TOWN OF OYSTER BAY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay, dated March 29, 1988, which, after a hearing, upon granting the petitioner's application for a special exception permit to operate a drive-through window at an existing fast-food restaurant in a "Business G" district, inter alia, imposed certain conditions upon the use, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Burstein, J.), dated September 15, 1987, which, inter alia, remitted the matter to the respondent for further consideration of the conditions it imposed upon the special exception permit, and (2) stated portions of a judgment of the same court, dated March 15, 1989, which, inter alia, did not delete condition "11" from the respondent's determination.

Ordered that the appeal from the order dated September 15, 1987, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting from the second decretal paragraph thereof the words "including but not limited to Condition No. '11' which prohibits use of a drive-through window at petitioner's premises between the hours of 8 A.M. and 9:30 A.M.; 12 Noon and 1:30 P.M.; and 5 P.M. and 6:30 P.M."; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the order dated September 15, 1987, must be dismissed because an order in a proceeding pursuant to CPLR article 78 is not appealable as of right (see, CPLR 5701 [b]). Moreover, the appeal from the order must be dismissed because any right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The petitioner operates a Burger King restaurant at the intersection of Old Country Road and South Oyster Bay Road in Plainview. Pursuant to Town of Oyster Bay Town Ordinance § 485, the petitioner applied for a special permit to operate a drive-through window at these premises. The respondent Town Board of the Town of Oyster Bay (hereinafter

the Board) ultimately granted the application for the permit. However, in so doing, the Board imposed a number of conditions upon its use. The petitioner thereafter commenced a proceeding pursuant to CPLR article 78 challenging these restrictions. The Supreme Court found that three of the imposed conditions were improper. The instant appeal involves the propriety of condition number 11, the so-called "meal-time restriction". We agree with the petitioner that this condition was not based upon substantial evidence, and modify the judgment appealed from accordingly.

It is well settled that a zoning board may impose appropriate conditions and safeguards in conjunction with a grant of a special permit (see, Matter of St. Onge v Donovan, 71 NY2d 507; Province of Meribah Socy. of Mary v Village of Muttontown, 148 AD2d 512). However, the power of a zoning board to impose conditions in granting a special permit is not unlimited. The conditions so established must relate directly to the proposed use of the real property, and not to the manner of the operation of the particular enterprise conducted on the premises (see, Province of Meribah Socy. of Mary v Village of Muttontown, supra; Matter of Summit School v Neugent, 82 AD2d 463). Here, the challenged condition in essence prohibited the operation of the drive-through window during meal-time hours. The Zoning Board attempted to justify this restriction by claiming that the operation of this window would significantly increase the existing traffic flow. However we note in this respect that there was no showing that the proposed use would have a greater impact on traffic than other uses which are unconditionally permitted in the area (see, Matter of Lee Realty Co. v Village of Spring Val., 61 NY2d 892; see also, Matter of Huntington Health Care Partnership v Zoning Bd. of Appeals, 131 AD2d 481). We find the imposition of this condition was no more than an impermissible attempt to regulate the details of the operation of the petitioner's enterprise (see, Matter of Summit School v Neugent, supra), and conclude that upon this record it cannot be said that the so-called "meal-time restriction" was proper.

In light of our determination, we need not reach the petitioner's remaining contention. Mangano, P. J., Bracken, Kooper and Balletta, JJ., concur.