■ In the Matter of STAR ENTERPRISE, Appellant, v ARTHUR G. PITTS et al., Respondents. (Proceeding No. 1.) In the Matter of STAR ENTERPRISE, Respondent, v ARTHUR G. PITTS et al., Appellants. (Proceeding No. 2.) [607 NYS2d 428] —In two proceedings pursuant to CPLR article 78 to review two determinations of the Town Board of the Town of Babylon, both dated April 16, 1991, which, after a hearing, granted the petitioner's applications for special permits to alter two existing gasoline service stations subject to certain conditions, (1) the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated November 6, 1991, which denied the petition and dismissed Proceeding No. 1, and (2) the Supervisor and the members of the Town Board of the Town of Babylon appeal, as limited by their brief, from so much of a judgment of the same court (Leis, J.) in Proceeding No. 2, dated January 24, 1992, as annulled conditions 1 (a), 1 (b), 1 (d), and (2); and items 4, 5, 6, and that part of item 7 which prohibits the storage of vehicles on land adjacent to the petitioner's premises.

Ordered that the judgment dated November 6, 1991, is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment dated January 24, 1992, is reversed insofar as appealed from, without costs or disbursements, the annulled conditions and items are reinstated, the petition is denied in its entirety, the determination is confirmed in its entirety, and the proceeding is dismissed.

The petitioner is the lessee of two premises located in the Town of Babylon at the intersections of Old Country Road and Straight Path, and Colonial Springs Road and Nichols Road, both of which are within the Hamlet of Wyandanch. Both of the subject premises have been used as gasoline service stations, the Old Country Road premises since about 1967, and the Colonial Springs premises since about 1962.

In 1970 certain zoning ordinances were enacted which placed the subject premises in "Business E" zoning districts. Gasoline service stations are not permitted uses in such districts. However, use of the subject premises as gasoline service stations predated the enactment of the current zoning ordinances. The petitioner's use of the premises, therefore, constitutes a legal nonconforming use.

Pursuant to Article XXII of the Town of Babylon Code § 213-277, the petitioner submitted petitions to the Town Board of the Town of Babylon for the alteration or reconstruction of the existing, nonconforming gasoline service stations. On January 16, 1991, the Town Board held a public hearing at which the petitioner presented its proposed alterations to the subject premises. By Resolutions 300 and 301, both dated April 16, 1991, the Town Board granted the petitioner's applications, subject to certain conditions.

It is well settled that the grant or denial of a permit "is left to the 'untrammeled, but of course not capricious discretion' of the Board with which the courts may interfere only when it is clear that the Board has acted 'solely upon grounds which as a matter of law may not control the discretion' of the Board" (Cummings v Town Bd., 62 NY2d 833, 835, quoting Matter of Larkin Co. v Schwab, 242 NY 330, 335). However, the imposition of conditions must not relate to the manner of the operation of the particular enterprises conducted on the subject premises (cf., Matter of Old Country Burgers Co. v Town Bd., 160 AD2d 805).

Upon a review of the challenged conditions, we find that they are not arbitrary and capricious, or an abuse of discretion (see, CPLR 7803 [3]; see also, Cummings v Town Bd.,

*supra).* Moreover, we find that the conditions do not constitute an impermissible attempt by the Town Board to regulate the details of the operation of the petitioner's gasoline service stations *(cf., Matter of Old Country Burgers Co. v Town Bd., supra).*

The parties' remaining contentions are without merit. Thompson, J. P., O'Brien, Joy and Altman, JJ., concur.