■ In the Matter of PHILIPSTOWN INDUSTRIAL PARK, INC., Respondent, v TOWN BOARD OF TOWN OF PHILIPSTOWN et al., Appellants. [648 NYS2d 972] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Philipstown, dated July 12, 1993, which, after a hearing, denied the petitioner's application for a temporary special use permit, the appeal is from a judgment of the Supreme Court, Putnam County (Hillery, J.), dated January 31, 1995, which, *inter alia,* granted the petition, annulled the July 12, 1993, determination of the Town Board of the Town of Philipstown, and reinstated the determination of the Philipstown Planning Board dated May 20, 1993, which granted the petitioner's application.

Ordered that the judgment is reversed, on the law, with costs, and the proceeding is dismissed.

The petitioner Philipstown Industrial Park, Inc., the owner of an 80-acre tract of land in the Town of Philipstown, applied for a temporary special use permit for mining and soil reclamation on the parcel. The Town Board of the Town of Philipstown (hereinafter the Town Board) denied the petitioner's application for a temporary special use permit finding, *inter alia,* that there was insufficient evidence of reasonable safeguards to protect the neighborhood character. In making this determination the Town Board reversed the decision of the Planning Board of the Town of Philipstown which had determined that an environmental impact statement pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) was not required in connection with the application for a special use permit.

In view of this Court's decision on a related appeal (*see, Matter of Merson v McNally,* 227 AD2d 487) wherein we held that the Planning Board's determination "was an unauthorized departure from the strictures of SEQRA" and "was arbitrary, capricious and irrational", reversal of the judgment appealed from, which reinstated the determination of the Planning Board, is mandated.

In view of the foregoing, we do not reach any of the other issues raised by the parties. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.