■ PHILIPSTOWN INDUSTRIAL PARK, INC., Respondent-Appellant, v TOWN BOARD OF TOWN OF PHILIPSTOWN et al., Appellants-Respondents. [669 NYS2d 340] —In an action, *inter alia,* for a judgment declaring Local Laws, 1995, No. 4 of the Town of Philipstown invalid, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Hillery, J.), dated June 20, 1996, as granted that branch of the plaintiff's motion which was for summary judgment on its first cause of action, and (2) from a judgment of the same court, dated September 12, 1996, entered upon the order, which declared that Local Laws, 1995, No. 4 of the Town of Philipstown is violative of the preemption standards set forth in the Mined Land Reclamation Law (*see,* ECL 23-2701 *et seq.*) and thus, is null and void. The plaintiff cross-appeals, as limited by its brief, from so much of the order as denied that branch of its motion which was for summary judgment on its second cause of action.

Ordered that the defendants' appeal from the order is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendants' appeal from so much of the intermediate order as granted that branch of the plaintiff's motion which was for summary judgment on its first cause of action must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the defendants' appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

On August 3, 1995, the defendant Town Board of Town of Philipstown (hereinafter the Town Board), passed a resolution enacting Local Laws, 1995, No. 4 of the Town of Philipstown (hereinafter the Local Law). The Local Law sought to regulate the excavation of materials such as sand, gravel, and clay within the Town of Philipstown (hereinafter the Town). Certain activities, generally related to landscaping and agricultural pursuits, were deemed permitted uses under the Local Law (*see,* Town of Philipstown Code § 175-42). All other excavations, grading, or removal of sand, gravel, clay, or similar materials were "soil extraction operations" and were prohibited uses. However, those uses could be permitted upon the issuance by the Town Board of a special use permit (*see,* Town of Philipstown Code § 175-42).

The plaintiff, Philipstown Industrial Park, Inc., owns an 80.3 acre parcel in the Town (*see, Matter of Merson v McNally,* 90 NY2d 742, *on remand* 247 AD2d 541 [decided herewith]; *Matter of Philipstown Indus. Park v Town Bd.,* 90 NY2d 742, *on remand* 247 AD2d 542 [decided herewith]). It obtained a permit to remove sand and gravel from the New York State Department of Environmental Conservation (hereinafter the DEC). The permit, issued under the authority of the Mined Land Reclamation Law (*see,* ECL 23-2701 *et seq.*), specifically entitles the plaintiff to "develop and operate, a 9.8 acre sand and gravel mine" on its parcel.

The plaintiff commenced this action seeking, *inter alia,* a judgment declaring that the Local Law is invalid. In its first cause of action, the plaintiff asserts that the Local Law is invalid because it has been preempted by the Mined Land Reclamation Law. The Supreme Court agreed, granted summary judgment to the plaintiff on its first cause of action and declared that "Local Law No. 4 of 1995 of the Town of Philipstown is violative of the preemption standards set forth in this state's Mined Land Reclamation Law and, thus, is null and void". We affirm.

The Mined Land Reclamation Law provides detailed requirements concerning the operation of mines throughout the state. In connection therewith, ECL 23-2703 (2) expressly preempts any other State or local law pertaining to mining, by providing as follows:

"For the purposes stated herein, this title shall supersede all other state and local laws relating to the extractive mining industry; provided, however, that nothing in this title shall be construed to prevent any local government from:

"a. enacting or enforcing local laws or ordinances of general applicability, except that such local laws or ordinances shall not regulate mining and/or reclamation activities regulated by state statute, regulation, or permit; or

"b. enacting or enforcing local zoning ordinances or laws which determine permissible uses in zoning districts. Where mining is designated a permissible use in a zoning district and allowed by special use permit, conditions placed on such special use permits shall be limited to the following:

"(i) ingress and egress to public thoroughfares controlled by the local government;

"(ii) routing of mineral transport vehicles on roads controlled by the local government;

"(iii) requirements and conditions as specified in the permit

issued by the [DEC] under this title concerning setback from property boundaries and public thoroughfare rights-of-way natural or manmade barriers to restrict access, if required, dust control and hours of operation, when such requirements and conditions are established pursuant to subdivision three of section 23-2711 of this title;

"(iv) enforcement of reclamation requirements contained in mined land reclamation permits issued by the state; or

"c. enacting or enforcing local laws or ordinances regulating mining or the reclamation of mines not required to be permitted by the state."

The Local Law at issue herein specifies certain criteria for determining whether or not an individual soil extraction operation is a permitted use (*see,* Town of Philipstown Code § 175-46). These include the following:

"C. That reasonable provision will be made for screening the extraction operation from view from adjacent streets and property, and that buffer transition areas will be provided to protect adjacent properties * * *

"E. That the extraction operation when in process and when completed will not result in creation of sharp declivities, pits or depressions, soil erosion, sedimentation or fertility problems, or drainage, sewerage or groundwater problems which would impair the reasonable reuse and development of the tract in accordance with this chapter and that the operation is consistent with the Master Plan—Town of Philipstown.

"F. That, if the extraction operation is located in the Coastal Boundary Area as delineated on the *Master Plan—Town of Philipstown,* the character, screening and site restoration of the operation are consistent with the Coastal Boundary Area policies of the Plan;

"G. That the proposed extraction operation, any buildings, structures, facilities or processing equipment and hours of operation will make provision for control of dust and lighting and otherwise will not be detrimental to the public health, safety and general welfare of the neighborhood and community; and

"H. That the proposed extraction operation, including site restoration * * * can be completed within a period of five (5) years or such lesser period as may be identified by the Town Board in its determination" (Town of Philipstown Code § 175-46 [C], [E], [F], [G], [H]).

While a locality retains general authority to regulate land use, and has the authority to determine that mining will not

be a use within its confines, it may not regulate the specifics of the extractive mining or reclamation process (see, *Village of Savona v Knight Settlement Sand & Gravel,* 88 NY2d 897; *Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668; *Matter of Frew Run Gravel Prods. v Town of Carroll,* 71 NY2d 126, 131). The Local Law under review attempts to do just that. By conditioning the grant of a special use permit on specific aspects of a mine's operation and reclamation, the Town Board has usurped the authority which, under the Environmental Conservation Law, has been delegated solely to the DEC. For example, factors such as the extent of "pits and depressions" created by the mining operation directly relate to the factors that are considered by the DEC prior to its issuance of a mining permit (see, 6 NYCRR 422.3). Moreover, the Town of Philipstown cannot impose requirements related to setbacks, screening, dust, and hours of operation in addition to those imposed by the DEC (see, ECL 23-2703 [2] [b] [iii]; 23-2711 [3]; cf., Town of Philipstown Code § 175-46 [C], [G]). Finally, the Town cannot limit the terms of the permit to a period less than that granted by the DEC (see, ECL 23-2711 [2]; cf., Town of Philipstown Code § 175-46 [H]). Under these circumstances, we conclude that the Supreme Court properly determined that Local Laws, 1995, No. 4 of the Town of Philipstown was preempted by the Mined Land Reclamation Law and was therefore invalid (cf., *Matter of Schadow v Wilson,* 191 AD2d 53).

That branch of the plaintiff's motion which was for summary judgment on its second cause of action was properly denied (see, *Matter of Augenblick v Town of Cortlandt,* 104 AD2d 806, revd on dissent of Lazer, J., 66 NY2d 775). O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.