In the Matter of PHILIPSTOWN INDUSTRIAL PARK, INC., Respondent, v TOWN BOARD OF TOWN OF PHILIPSTOWN et al., Appellants. [668 NYS2d 909] —In a hybrid action for a judgment declaring, *inter alia,* that former portions of the Town Code of the Town of Philipstown are preempted by article 23, title 27 of the Environmental Conservation Law, and a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Philipstown, dated July 12, 1993, which, after a hearing, denied the petitioner's application for a temporary special use permit, the appeal is from a judgment of the Supreme Court, Putnam County (Hillery, J.), dated January 31, 1995, which, *inter alia,* granted the petition and (1) declared that former section 175-46 of the Town Code of the Town of Philipstown was preempted by article 23, title 27 of the Environmental Conservation Law, and (2) annulled the July 12, 1993, determination of the Town Board of the Town of Philipstown, and reinstated the determination of the Philipstown Planning Board dated May 20, 1993, which granted the petitioner's application. By decision and order dated October 21, 1996, this Court reversed the judgment and dismissed the action/proceeding relying on our decision in a companion case entitled *Matter of Merson v McNally (see, Matter of Philipstown Indus. Park v Town Bd.,* 232 AD2d 566). By opinion dated October 30, 1997, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for determination of those issues raised but not decided on the appeal to this Court (*see, Matter of Philipstown Indus. Park v Town Bd.,* 90 NY2d 742).

Ordered that the judgment is affirmed, with costs.

The Supreme Court correctly determined that the Town Board's denial of the petitioner's application for a temporary special use permit was arbitrary and capricious and not supported by substantial evidence (*see, Matter of Twin County Recycling Corp. v Yevoli,* 90 NY2d 1000; *Matter of Framike Realty Corp. v Hinck,* 220 AD2d 501). Moreover, the Supreme Court properly determined that former Town of Philipstown Code § 175-42 *et seq.* was preempted by the Mined Land Reclamation Law (ECL 23-2701 *et seq.*), as the former sections of the Town of Philipstown Code directly regulated mining operations (*see,* ECL 23-2703 [2]; *Philipstown Indus. Park v Town Bd.,* 247 AD2d 525 [decided herewith]).

The appellants' remaining contentions are without merit. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.