■ TOWN OF WASHINGTON et al., Appellants, v DUTCHESS QUARRY & SUPPLY CO., INC., et al., Respondents. [673 NYS2d 183] —In an action, *inter alia*, to enjoin the continued operation of a sand and gravel mine on the ground that it is prohibited by the Town of Washington Zoning Law, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered December 23, 1996, as (1) granted the defendants' motion to reargue the plaintiffs' prior motion for a preliminary injunction and, upon reargument, denied the plaintiffs' motion, and (2) denied their cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provisions thereof which (1) denied the plaintiffs' motion for a preliminary injunction and (2) denied the plaintiffs' cross motion for summary judgment, and substituting therefor provisions (1) adhering to its prior determination granting the plaintiffs' motion for a preliminary injunction and (2) granting the plaintiffs' cross motion for summary judgment; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The defendant Dutchess Quarry & Supply Co., Inc. (hereinafter Dutchess Quarry) operates a sand and gravel mine in the Town of Washington (hereinafter the Town). Dutchess Quarry's site is located in an RL-5 zoning district. Local Laws, 1991, No. 2 of the Town of Washington limits quarrying and soil mining to only RS-5 and RS-10 zoning districts. Dutchess Quarry has, however, obtained a mining permit from the New York State Department of Environmental Conservation.

In this action, the plaintiffs seek to permanently enjoin Dutchess Quarry's mining operation. The Supreme Court disagreed with the plaintiffs' assertions and, *inter alia*, denied their motion for summary judgment. We reverse.

It is well settled that a locality, while not being able to regulate the mining process, may utilize its zoning ordinance to prohibit mining within its jurisdiction (*see, Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 681-683; *Matter of Frew Run Gravel Prods. v Town of Carroll*, 71 NY2d 126, 131; *see also, Village of Savona v Knight Settlement Sand & Gravel*, 88 NY2d 897; *Matter of Philipstown Indus. Park v Town Bd.*, 247 AD2d 542). Dutchess Quarry, while acknowledging this principle, asserts that its use of its site as a mining operation is a legal nonconforming use and that therefore it is not subject to the Town's current zoning ordinance.

When Dutchess Quarry acquired its mining rights in 1987, the zoning ordinance, as then in effect, permitted mining provided the mine operator acquired a special use permit from the Town. It is uncontested that no such permit was ever acquired. Dutchess Quarry, however, argues that the entire zoning ordinance as it pertains to mining had been expressly superseded by the Mined Land Reclamation Law (ECL art 23, tit 27) (hereinafter MLRL), as then in effect (*see*, ECL former 23-2703, *et seq.*). We disagree for two reasons.

First, at the time in question, the MLRL provided as follows: "Nothing in this title shall be construed as exempting any person from the provisions of any other law or regulation requiring a permit" (ECL former 23-2711 [10]; *see also*, ECL 23-2711 [7]).

It is undisputed that, in 1987, Dutchess Quarry sought to mine only 1,000 tons, annually, from its site and that therefore its mining operation was not regulated by the MLRL. Accordingly, by its terms, the MLRL did not supersede the local permit requirements imposed by the Town (*see also*, ECL 23-2703 [2] [c], as added by L 1991, ch 166, § 228).

Moreover, a portion of the local zoning ordinance in effect in 1987 imposed stricter reclamation standards than those found in the MLRL (*see*, Town of Washington Zoning Law former § 333 [2], [3], [12]; *cf.*, 6 NYCRR 422.3, 423.1). At the time in question, it was permissible for a locality to impose such stricter reclamation standards (*see*, ECL former 23-2703 [2]; *see also*, L 1991, ch 166, § 228). This Court has held that those portions of a local law which imposed stricter reclamation standards, when properly severable, remained valid and enforceable. A locality could therefore properly require that the mine operator obtain a permit so that its land reclamation plan could be reviewed (*Matter of Briarcliff Assocs. v Town of Cortlandt*, 144 AD2d 457, 460). This principle is applicable to the instant case (*see*, Town of Washington Zoning Law § 710).

Accordingly, Dutchess Quarry was required to obtain a special use permit prior to conducting mining on its site. Its failure to do so renders its use illegally created. Dutchess Quarry therefore cannot assert that it is protected from the current prohibition against mining by any purported legal nonconforming use (*see, Matter of Province of Meribah Socy. of Mary v Board of Zoning Appeals*, 148 AD2d 512, 514; *see also, Matter of Steiner Fellowship Found. v De Luccia*, 90 NY2d 453, 458).

In any event, we note that it is undisputed that currently Dutchess Quarry extracts in excess of 1,000 tons annually from its mine and that its DEC permit allows it to extract up to 100,000 tons annually. The Zoning Code of the Town of Washington contains strict prohibitions against the expansion of nonconforming mining uses, providing as follows: "Quarrying or soil mining conducted in a manner that is exempt from the permitting requirements of the New York State Department of Environmental Conservation or the location restrictions under Section 332 (2) of this Local Law shall not be considered a non-conforming use giving rise to any right to mine above applicable permit thresholds in locations where quarrying or soil mining is not a permitted use" (Town of Washington Zoning Law § 391 [9]).

We conclude that the Town, in the exercise of its police power through the enactment of this express and specific ordinance,

properly limited the expansion of nonconforming mining uses within its jurisdiction (*see, Village of Valatie v Smith*, 83 NY2d 396, 399; *cf., Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278). For this additional reason, the Supreme Court should have granted the plaintiffs' motion for summary judgment.

The parties' remaining contentions are without merit. Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.