■ In the Matter of Exxon Corporation, Respondent, v Felix J. Grucci, Jr., et al., Appellants. [703 NYS2d 522] —In a

proceeding pursuant to CPLR article 78 to review so much of a determination of the Town Board of the Town of Brookhaven dated January 20, 1998, as imposed a certain condition upon the granting of a special exception permit, the appeal is from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered February 10, 1999, which granted the petition and annulled the condition.

Ordered that the judgment is affirmed, without costs or disbursements.

We agree with the Supreme Court that the Town Board of the Town of Brookhaven (hereinafter the Town Board) acted illegally in conditioning the grant of a special exception permit upon the imposition of covenants and restrictions running with the land which would prohibit the sale of chilled alcoholic beverages at the subject premises. The Town Board improperly invaded a field which has been preemptively occupied by a comprehensive and detailed State regulatory scheme (*see, Tad's Franchises v Incorporated Vil. of Pelham Manor,* 42 AD2d 616, *affd* 35 NY2d 672; *see also, People v De Jesus,* 54 NY2d 465; *Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs,* 74 NY2d 761).

In light of this determination, we need not address the question of whether the condition imposed constitutes "an impermissible attempt to regulate the details of the operation of the petitioner's enterprise" (*Matter of Old Country Burgers Co. v Town Bd.,* 160 AD2d 805, 806, citing *Province of Meribah Socy. of Mary v Village of Muttontown,* 148 AD2d 512; *Matter of Summit School v Neugent,* 82 AD2d 463). Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.