OPINION OF THE COURT
Joel K. Asarch, J.
This case involves a question of concern to municipalities: may a restrictive covenant running with the land bar the sale of alcoholic beverages at the location even though such sale is licensed by the New York State Liquor Authority?
The defendants, Amerada Hess Corporation and Hess Mart Inc., have been charged with two counts of violating article XXXIII, § 336 of the Building Zone Ordinance of the Town of Hempstead. The defendants are alleged to have permitted the sale of alcoholic beverages on January 23, 2001 and on Febru *427 ary 13, 2001 at 880 Old Country Road in Westbury, Nassau County, New York. It is contended by the People that such retail sale was specifically prohibited by the covenants and restrictions affecting the gasoline service station (GSS) district property.
By order dated April 15, 2002 (Moser, J.), the court denied the defendant’s motion to dismiss the accusatory instruments based on the pleadings. It is noted that based on the evidence adduced at trial, the court finds that the prior decision of this court is not law of the case. (Del Castillo v Bayley Seton Hosp., 232 AD2d 602 [2d Dept 1996].)
Further, docket numbers 2001NA153S and 2001NA230S were dismissed at trial upon application of the People as duplicative (CPL 170.30); docket numbers 2001NA227S and 2001NA151S had previously been dismissed.
A trial without jury was held before the undersigned on December 12, 2002. Memoranda of law were submitted on February 28, 2003. At trial, Code Enforcement Officer John Rocco, James Noonan (a professional engineer) and George Benavides (defendant’s real estate representative) testified.
The Trial Testimony
The parties stipulated to the following two facts:
“1. The premises at issue (to wit: 880 Old Country Road, Westbury) is a Gasoline Service Station (‘GSS’) zoned property under Article XXXIII of the Town of Hempstead Building Zone Ordinance. Within this district, a gasoline service station may sell retail products other than gasoline, oil, grease and other petroleum products only ‘when specifically permitted by the Town Board,’ § 336(A)(7).”
“b. Town of Hempstead Building Zone Ordinance § 337 provides that an application for inclusion of new premises within a GSS district shall include covenants and restrictions.”
On March 13, 1995, C & B East Meadow Co., the owner of the premises at that time, executed a declaration of restrictive covenants which was duly filed with the Nassau County Clerk on April 3, 1995. Amoco Oil Company (a previous tenant) had made an application to the Town Board for inclusion of the premises in the GSS district. The declarant “for the best interests of itself and the Town of Hempstead” declared, among other items concerning hours, air pump, propane storage, curb cuts, storage, etc., that “14. [w]ith respect to the convenience *428 store on the subject premises, there shall be no sale of alcoholic beverages and video games or machines.” The declaration provides that “17. [t]he above covenants and restrictions constitute covenants running with the land and shall be binding upon the Declarant and all subsequent owners of [sic] other successors in interest as well as binding upon the signatory hereto only as long as the subject premises is located in the GSS District.” The declaration further provided that the covenants and restrictions could be amended only after a public hearing with notice and the consent of the then-owner and the Town Board. Finally, the declaration provided that the covenants and restrictions could be enforced by “the Town of Hemp-stead by an appropriate remedy.” The Town Board subsequently adopted a resolution accepting the covenants and restrictions, which included enforcing the restriction on the sale of alcoholic beverages.
It was conceded at trial that defendant Amerada Hess Corporation was the sublessee of the premises and ran the business. The owners of the premises subsequent to C & B East Meadow Co. were 133 Realty Corp. and, effective November 7, 2001, NJB Properties, LLC.
At trial, the court heard from John Rocco, a Senior Code Enforcement Officer with the Town’s Building Department. Mr. Rocco, a building inspector for eight years, testified that he went to the premises on January 23, 2001 after receiving a complaint from the Town Clerk’s office that the defendant was selling alcoholic beverages at the premises. Mr. Rocco testified that he entered the premises and saw beer such as Budweiser in refrigerated display cases and stacked on the floor. Signs were displayed indicating the types of beer and their prices. He then spoke to the manager, Shirley Dunkley, and explained that pursuant to a restrictive covenant, no alcohol was permitted to be sold there. He requested the manager to remove the beer, then issued the summons herein and left the premises.
On February 13, 2001, Mr. Rocco revisited the premises, again pursuant to a complaint from the Town Clerk’s office that alcoholic beverages were being sold. When he arrived around 11:00 a.m., he again saw beer in display cases. He issued another summons to the cashier.
It is conceded that the Code Enforcement Officer neither purchased any beer nor did he see anyone drinking alcoholic beverages.
Following conclusion of the People’s case, the defendant moved to dismiss the proceeding for failure of proof. The court *429 denied this motion in that the presence of beer in display cases, signs and prices provided the inferences that there was a retail sale of alcoholic beverages. The court reserved decision on preemption and constitutional grounds of the defendant’s motion to dismiss.
The defense produced two witnesses to testify: James Noonan, a professional engineer, and George Benavides, a real estate representative for Hess. Mr. Noonan testified that he was a professional engineer who worked on gas station applications submitted to the Town of Hempstead. Mr. Noonan testified that any application for GSS district inclusion requires a public hearing and that he was involved in the GSS district application by Amoco in the late 80’s or early 90’s for the premises herein. The gas station at issue was rebuilt and a new building was erected to include a convenience store. Mr. Noonan stated that the Town’s normal practice was to impose restrictive covenants to detail how landscaping, lighting, appearance and what is sold. At the hearing, Mr. Noonan testified that pursuant to board member requests, the restrictive covenant against the sale of alcohol at the convenience store had been entered into. The Town accepted the declaration containing restrictive covenants as part of the GSS application.
Notwithstanding the Town’s acceptance of the restrictive covenants in approving the GSS status, a New York State Liquor Authority grocery chain wine product license was issued to the defendant Hess Mart Inc. for the premises and for the period covering August 22, 2000 through May 31, 2003.
Discussion of Law
Both parties agree that the Town Board may not directly regulate the sale of alcoholic beverages in gasoline station convenience stores. “In People v De Jesus (54 NY2d 465, 468-470 [1981]), we found the elaborate and detailed regulatory scheme laid out in the Alcoholic Beverage Control Law, in conjunction with the declared goal of the statute (§ 2) to ‘regulate and control the manufacture, sale and distribution within the state of alcoholic beverages’, determinative in our conclusion that the State had preempted the regulation of establishments selling alcoholic beverages” (Vatore v Commissioner of Consumer Affairs of City of N.Y., 83 NY2d 645, 649-650 [1994]). It is well established that a municipality may not regulate the sale of alcoholic beverages. (1980 Ops Atty Gen No. I 186.)
That being said, may the municipality regulate indirectly that which it cannot do directly? This is the crux of this matter.
*430 In enacting article XXXIII of the Town Building Zone Ordinance in 1974, the Town Board was concerned with the potentially injurious effect that gasoline service stations might have in neighborhoods. As the Town stated as part of its legislative intent, “[t]he gasoline service station has become a matter of grave concern to the people and government of the Town of Hempstead. The concern embraces existing and new stations. Current land use controls as practiced have proved inadequate to prevent excess of service station construction, of uses therein, of visual pollution and of abandonment of stations. In combination, these abuses threaten blight for the stations themselves, the areas surrounding the station and the town as a whole. Blight, then, is to be both cured and prevented * * * It is intended, therefore, to conserve property values, create a more attractive economic and business climate and encourage the most appropriate use of land throughout the town. Thereby, the public health, safety, morals, general welfare and amenity of the Town of Hempstead will be protected and promoted” (Town of Hempstead Building Zone Ordinance, art XXXIII, § 330).
However, recognizing the foregoing, the court is faced with deciding a straightforward question here — is the defendant guilty of a criminal action for violating the Building Zone Ordinance with respect to the sale of alcoholic beverages for which it was duly licensed? Can this defendant be found guilty of violating a Town ordinance that prohibits the sale of alcohol indirectly by enforcing the restrictive covenants (to wit: the sale of alcohol) incorporated in the Town’s GSS permit, notwithstanding the State granting a license to sell beer to the same defendant?
“The primary issue presented, with respect to the Zoning Ordinance, is whether or not it is a valid exercise of zoning power. To be valid, a zoning ordinance must ‘further a legitimate object and utilize a method of achieving it authorized by the state zoning enabling act.’ (1 Rathkopf, Zoning § 2.03 [4] [fj.) A zoning restriction ‘imposed for considerations or purposes not embodied in an enabling act will be held as invalid, not as exceeding the scope of the police power per se, but as an ultra vires act beyond the statutory authority delegated.’ (1 Rathkopf, Zoning § 2.03 [7] [a].)” (Louhal Props. v Strada, 191 Misc 2d 746, 751 [Sup Ct, Nassau County 2002].)
Here, the ordinance prohibits the retail sale of products other than specifically permitted by the Town Board (Building Zone Ordinance, art XXXIII, § 336 [A] [7]). In examining the decía *431 ration filed by the former owner, the court notes that many of the covenants involve areas directly from the article XXXIII ordinance — the site plan (§ 338), gasoline and air pumps (§ 336 [G]), curb cuts (§ 336 [F] [2]), landscaping (§ 336 [E]), storage (§ 336 [E] [9]) and lighting (§ 336 [E] [10]). Other areas, such as the maintenance of propane, burglar alarms and fire suppression systems, are regulated by the Town and County elsewhere.
The Town argues that covenant 14 (“With respect to the convenience store on the subject premises, there shall be no sale of alcoholic beverages and no video games or machines”) falls within the language of section 336 (A) (7) of article XXXIII (“A building or structure may be erected, altered or used and a lot or premises may be used for any of the following purposes, and for no other: * * * [7] Retail sale of products other than gasoline, oil, grease and other petroleum products related to the servicing of motor vehicles when specifically permitted by the Town Board in addition to the uses allowed under Subsection B [1] through [6], inclusive, of this section”).
The Town argues that the declaration is a voluntary assumption of a duty by the landowner and assigns. The Town contends that the approval of the GSS district was not conditioned upon the covenant. Further, the Town contends that the ordinance does not come into direct conflict with the state statute.
The court agrees with the Town that it has the authority to enact local laws affecting the safety, health and well-being of persons and property therein (Municipal Home Rule Law § 10 [1] [ii] [a] [12]; Town of Washington v Dutchess Quarry & Supply Co., 250 AD2d 759 [2d Dept 1998]). However, such local law cannot contradict a state general law. (Id. § 10 [1] [i]; Town Law § 130.) If the Town ordinance prohibited the sale of alcoholic beverages at gasoline service stations, such ordinance would be unenforceable. (See Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs, 74 NY2d 761, 763 [1989]; Matter of Exxon Corp. v Grucci, 270 AD2d 263 [2d Dept 2000]; People v Wile, 208 Misc 548 [Westchester County Ct 1955].)
But the Town ordinance does not prohibit the sale of alcoholic beverages; rather, a declaration filed by the previous owner prohibits such sale. Here, Amoco Oil Company had applied for a change of zoning, from business “X” district to GSS district. The court finds that the former owner, in order to obtain such zoning from the Town Board, had to put in as a condition run *432 ning with the land that no alcoholic beverages be sold to ensure approval of this application. Whether or not a board member asked for the condition at the hearing (after the declaration was signed) is not relevant to this court’s determination; what is relevant is that the applicant felt the need to include the blanket restriction against selling alcohol.
It has long been held that restrictive covenants “restrain servient landowners from making otherwise lawful uses of their property. However, the law has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them” (Witter v Taggart, 78 NY2d 234, 237 [1991] [citations omitted]).
May the Town through the use of covenants running with land prohibit the sale of alcoholic beverages at GSS district convenience stores? The Town argues that the defendant’s predecessor in interest voluntarily agreed to this. Hence, those following C & S East Meadow Co. had notice of the prohibition and should be bound thereby. The court disagrees. It is the opinion of the court that the Town Board of the Town of Hemp-stead “acted illegally in conditioning the grant of [GSS district status] upon the imposition of covenants and restrictions running with the land which would prohibit the sale of * * * alcoholic beverages at the subject premises. The Town Board improperly invaded a field which has been preemptively occupied by a comprehensive and detailed State regulatory scheme” (Matter of Exxon Corp. v Grucci, 270 AD2d at 264 [2d Dept 2000] [citations omitted]). Mr. Rocco testified that he used the restrictive covenant maintained “in our folder” in order to issue the summonses.
The Town has not rebutted the express mandate that the covenants and restrictions that were incorporated into the GSS district approval would be enforced by the Town. This is tantamount to the GSS permit being a promulgated Town ordinance prohibiting the sale of alcohol.
There is no doubt that a Town Board or a Zoning Board of Appeals may condition the granting of a variance or a rezoning on certain conditions, covenants or restrictions. However, when examined at its core, the ordinance at question here cannot prohibit the sale of alcoholic beverages. The ordinance prohibits the retail sale of products other than when specifically permitted by the Town Board (art XXXIII, § 336 [A] [7]). Here, the court is being asked to enforce an agreement which clearly runs counter to the New York State Alcoholic Beverage Control *433 Law. The ordinance envisions restrictive covenants running with the land, covering primarily the removal of buildings and appurtenances. While the court believes that such a covenant, whether voluntary or not, cannot prohibit the sale of alcohol by a duly licensed establishment, the court credits the testimony of Mr. Noonan that the condition was required by the Town prior to the passing of the zoning change. Mr. Noonan recalled a board member asking, “you will, of course, include a provision for the elimination of beer at this location” (transcript at 87) and that conditions were requested by board members (transcript at 90). The court rejects that this particular prohibition was entered into “voluntarily.”
The court takes notice that the sale of alcoholic beverages at convenience stores located at gasoline stations has many deleterious effects. Young people who drive but who are not over the age of 21 attempt to purchase beer at these convenience stores, as well as drivers who sometimes purchase beer with the intent of drinking while driving. People buy beer at these gasoline stations and then consume the alcoholic beverage in public, in neighborhoods surrounding the gasoline station. Each situation appears with too much frequency in this court.
Notwithstanding the foregoing, it is the opinion of the court that the covenant against selling alcoholic beverages is preempted by New York State law. The restriction which is authorized by the Building Zone Ordinance is an attempt to regulate the operation of the defendant’s business and is unenforceable. (Matter of Old Country Burgers Co. v Town Bd. of Town of Oyster Bay, 160 AD2d 805 [2d Dept 1990].) The State Liquor Authority’s power cannot be limited in this way. (Tad’s Franchises v Incorporated Vil. of Pelham Manor, 42 AD2d 616 [2d Dept 1973], affd 35 NY2d 672 [1974].) The court finds that the Town is preempted, whether legislating directly or through the acceptance of the restrictive covenant, from prohibiting the sale of alcoholic beverages at the GSS convenience store. This covenant cannot be used as a basis for criminal prosecution. Accordingly, the defendant is found not guilty.