■ AMERADA HESS CORPORATION, Respondent, v TOWN OF OYSTER BAY, Appellant, et al., Defendant. [828 NYS2d 536]—

In a hybrid action for a judgment declaring that a restrictive covenant contained in a declaration of restrictive covenants, dated April 4, 2002, prohibiting the sale of alcoholic beverages in the plaintiff's convenience store is invalid and unenforceable, and a proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Oyster Bay, dated October 28, 2003, revoking a special use permit previously issued to the plaintiff, the defendant Town of Oyster Bay appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Winslow, J.), dated June 30, 2005, which declared the restrictive covenant invalid and unenforceable, enjoined the Town of Oyster Bay from enforcing the restrictive covenant, and vacated the resolution revoking the plaintiff's special use permit.

Ordered that the order and judgment is affirmed, with costs.

A zoning board may impose appropriate conditions and safeguards in conjunction with a grant of a special use permit (*see Matter of St. Onge v Donovan,* 71 NY2d 507 [1988]; *Province of Meribah Socy. of Mary v Village of Muttontown,* 148 AD2d 512 [1989]). However, the power of a zoning board to impose conditions in granting a special permit is not unlimited (*see Matter of Old Country Burgers Co. v Town Bd. of Town of Oyster Bay,* 160 AD2d 805, 806 [1990]). Where the State has preempted the field, such as with regulation of the sale of alcoholic beverages, a municipality may not impose restrictions related thereto (*see People v De Jesus,* 54 NY2d 465, 469 [1981]).

We agree with the Supreme Court that the Town Board of the Town of Oyster Bay (hereinafter the Board) acted illegally in conditioning the grant of a special use permit upon the imposition of a restrictive covenant prohibiting the sale of alcoholic beverages at the subject premises. The Board "improperly invaded a field which has been preemptively occupied by a comprehensive and detailed State regulatory scheme" (*Matter of Exxon Corp. v Grucci,* 270 AD2d 263, 264 [2000]; *see Tad's Franchises v Incorporated Vil. of Pelham Manor,* 42 AD2d 616 [1973], *affd* 35 NY2d 672 [1974]; *see also People v De Jesus, supra; Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs,* 74 NY2d 761 [1989]).

Furthermore, the Supreme Court properly found that the Board acted arbitrarily and capriciously by revoking the special use permit (*see generally Matter of Ferraris v Zoning Bd. of Ap-*

*peals of Vil. of Southampton,* 7 AD3d 710 [2004]). The alcohol sales restriction, as discussed, is unenforceable based upon preemption and the Board is not permitted to "regulate the details of the [plaintiff]'s enterprise" (*Old Country Burgers Co. v Town Bd. of Town of Oyster Bay, supra* at 806; *see Tad's Franchises v Incorporated Vil. of Pelham Manor, supra* at 616-617).

The parties' remaining contentions need not be reached in light of our determination. Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur.